412 So.2d 436 (1982)
Gregory CUMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1139.
District Court of Appeal of Florida, Fourth District.
April 14, 1982.
*437 Edna L. Caruso, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Trela J. White, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Gregory Cummings appeals his conviction and sentence for aggravated battery with a firearm, shooting at or into a public or private building, and aggravated assault with a firearm.
While attempting to purchase a five dollar bag of marijuana, appellant was beaten and several items of personal property were taken from him. The parties did not dispute the fact that a shooting occurred following this incident. The question was who fired the gun. Appellant denied that he did the shooting and testified that a passenger in his van fired the gun. During direct examination appellant's counsel asked if he had ever been convicted of a felony and he answered, "Yes, once." On cross-examination, the prosecutor asked over objection, "How many times have you been convicted of a crime?" Appellant answered five to seven times. During argument the prosecutor emphasized the convictions, and when appellant challenged the credibility of a witness who identified him as holding the gun the prosecutor argued that "The State Attorney's office does not deal with people that commit violent crimes. There is no negotiations [sic]. There is no leniency." The prosecutor also argued that she was sure that an auto body man, called as a witness by the appellant, had been paid nicely for the body work on appellant's van. Neither party had introduced evidence regarding the amount paid for the body work.
Appellant raises several points on appeal, one of which requires the remand of this case for a new trial, and another merits discussion. First, appellant contends that the trial court erred in allowing the prosecutor to cross-examine as to his conviction of "crimes," and secondly, appellant contends that in closing argument the prosecutor made improper comments unsupported by the evidence.
Appellant's first point would have no merit if the trial of this case had occurred prior to July 1, 1979. The law was well established that when a defendant in a criminal case took the stand to testify, the prosecution could attempt to impeach his or her credibility by asking the witness about previous convictions of any crime, and the number of criminal convictions. § 90.08, Fla. Stat. (Supp. 1978); Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA 1976); Mead *438 v. State, 86 So.2d 773 (Fla. 1956). However, Section 90.610(1), Florida Statutes, effective July 1, 1979, governs this case. It provides
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... . (Emphasis added).
This statute clearly restricts the crimes which may be considered when attempting to impeach a witness on past convictions.
If the witness admits the number of his convictions, the prosecution may not ask further questions regarding prior convictions, and in particular the prosecution may not question the witness as to the nature of the crimes. The defendant may voluntarily reveal the nature of any crime, but the prosecution must not invite him to volunteer. If the witness denies a conviction, the prosecution can impeach him by introducing a certified record of that conviction, which will necessarily reveal the nature of the crime. Goodman, supra; Irvin v. State, 324 So.2d 684 (Fla. 4th DCA 1976). The enactment of Section 90.610(1) does not affect the rules governing the elicitation of the nature of a prior conviction.
In Davis v. State, 397 So.2d 1005 (Fla. 1st DCA 1981), the Court discussed the importance of the form of the question to be asked when attacking the witness's credibility based on past convictions. In Davis, supra, the prosecutor asked the defendant, "Have you ever been convicted of a crime punishable by death or imprisonment in excess of one year under the law in which you were convicted?" The Court found prejudice despite the fact that the prosecutor propounded the question in the exact statutory language. To elicit this information in one question could create an inference, especially in a murder prosecution, that the defendant had been once convicted of a capital crime when he might in fact have been convicted of a minor felony. However, to ask two questions could also create prejudice, for if the defendant testified that he had previously been convicted of a crime punishable by death, then he has virtually been forced to reveal the nature of the prior conviction. Therefore the Court found it preferable to ask if the defendant has been convicted of a felony. This simple inquiry encompasses the statutory elements and eliminates prejudice.
Appellant has the opposite problem of the witnesses in Davis v. State, supra. The prosecutor made no effort to elicit the nature of his crimes, but the questioning had the same prejudicial result because of the introduction of inadmissible evidence. Evidence of prior convictions for misdemeanors not involving dishonesty or false statements is irrelevant. Cross-examination regarding irrelevant criminal incidents is reversible error. Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981). The prosecutor knew that the statute did not encompass all misdemeanor convictions. She argued to the judge that the Evidence Code allowed her to ask about felonies and also about crimes involving "theft or untruthfulness," although the statutory language is dishonesty or false statement. Yet she asked, "How many times have you been convicted of a crime?" This question placed the appellant in an inescapable dilemma. If he answered, "Once," as he had before, or gave the number of admissible convictions (assuming it was less than his total number of convictions), then his answer to the question as phrased was perjury. But by answering truthfully, he had to decide whether to reveal the nature of his prior convictions. This placed him at a tactical disadvantage, for to further discuss these other crimes only underlines the fact of his many prior convictions, impermissibly raising an inference of general criminal propensity. The prosecutor capitalized on the different answers to the questions in her argument to the jury. She implied that defense counsel's questions about how many times appellant had been convicted of a felony was improper and asked for the purpose of misleading the jury. She said that she asked the proper question and stated that the appellant's answer demonstrated that he *439 previously lied to the jury. Because appellant answered two different questions truthfully, his credibility was materially diminished.
To contradict a witness by past convictions a record of such convictions must be introduced into evidence. Rommell v. Firestone Tire and Rubber Co., 394 So.2d 572 (Fla. 5th DCA 1981). Questions regarding past convictions should not be asked unless the prosecutor has knowledge that the witness has been convicted of a crime and has the evidence necessary for impeachment if the witness fails to admit the number of convictions of such crimes. We agree with the First District Court of Appeal that the question, "Have you ever been convicted of a felony?" will cover crimes punishable by death or imprisonment in excess of one year. However, the second part of Section 90.610(1) presents a more difficult problem. A defendant may not know which crimes involve dishonesty or false statements and may open the door to disclosure of certain crimes by failing to acknowledge the number of such convictions or create the impression of a pattern of criminal conduct by including crimes not cognizable by Section 90.610(1). Therefore it may be appropriate for the trial court upon request of either counsel to instruct the witness out of the presence of the jury as to the types of crime which involve dishonesty or false statements. We hold that as a predicate to impeachment under Section 90.610(1), Florida Statutes (1979), two questions may be asked: "Have you ever been convicted of a felony?" and "Have you ever been convicted of a crime involving dishonesty or false statement?" Accordingly, the form of the prosecutor's question was improper and this case must be remanded for a new trial.
Appellant also challenges the prosecutor's comments regarding the price paid for repair of the appellant's van and the state attorney's policy regarding persons convicted of violent crimes. United States v. Ellis, 547 F.2d 863 (5th Cir.1977) and United States v. Rodriguez, 585 F.2d 1234 (5th Cir.1978) hold that it is improper for counsel to express personal opinions or to state facts of his own knowledge which are not in evidence. However, not every erroneous statement or expression of opinion requires a mistrial. In assessing the prejudicial impact of such assertions the court must consider the strength of the evidence against the defendant. Rodriguez, supra. Further, it is error to express belief in the credibility of a witness where doing so implies the prosecutor has additional knowledge about the case which has not been disclosed to the jury. Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975). The prosecutor attempted to bolster the credibility of her witness by making statements about the state attorney's office policy regarding persons who commit violent crimes, and she attempted to impeach the defense witness by making statements about the amount paid for body work. Both comments were improper, but we need not determine the extent of their prejudicial effect on the jury since the questions regarding the appellant's past convictions of crimes requires reversal and remand of this case for a new trial.
REVERSED and REMANDED for a new trial.
DOWNEY and BERANEK, JJ., concur.