BERANEK, Judge.
This appeal follows a jury verdict in favor of the plaintiffs/appellees in a medical malpractice suit. We affirm. On September 5,1979, plaintiffs filed a medical liability mediation claim against the defendants/appellants pursuant to Section 768.44, Florida Statutes (1979). The mediation statute was declared unconstitutional in Aldana v. Holub, 381 So.2d 231 (Fla.1980), but constitutionality is not in issue here. Plaintiffs presented no evidence at the mediation hearing and the mediation panel issued a finding for the doctors of “no actionable negligence.” On February 28, 1980, plaintiffs filed an action against defendants in circuit court for medical malpractice. The alleged theory was that defendants were negligent in failing to secure informed consent to the surgery.
Immediately prior to trial, defendants sought a ruling in limine that, upon introduction into evidence of the favorable mediation finding, plaintiffs be precluded from showing that they presented no evidence at the mediation hearing. The trial court ruled that if defendants made reference to the favorable mediation finding or introduced it into evidence, plaintiffs could then show that they introduced no evidence at the hearing. At the beginning of trial defense counsel advised the court that he would not mention the panel’s findings at all if plaintiffs would be allowed to show that no evidence was presented. An extensive trial was held and the jury awarded Thomas Reynolds and his wife, $225,000. No mention of the mediation finding occurred.
Defendants’ sole point concerns their contention that the trial court erred in ruling that plaintiffs could inform the jury that no evidence was presented at the mediation hearing. The case of Herrera v. Doctors’ Hospital, 360 So.2d 1092 (Fla.3d DCA 1978), aff'd. 367 So.2d 204 (Fla.1978), held that neither party could comment on or give reasons for the conclusion reached by the mediation panel. While we agree with defendants that the trial court’s ruling may have been erroneous in the abstract, we find that the issue is not appropriate for appellate review because prejudice never actually resulted directly from the erroneous ruling. This was not a situation where a party was prohibited prior to trial from introducing evidence, thus making a proffer unavailing and unnecessary in order to demonstrate error. See General Portland Land Development v. Stevens, 291 So.2d 250 (Fla. 4th DCA 1974). Here, the court ruled defendants could put the panel’s findings into evidence; however, plaintiffs would then have the option of advising the jury that no evidence was presented at the mediation hearing. Defendants chose not to introduce their evidence and thereby avoided the entire issue.
On appeal, we can only speculate as to what would have happened had defendants introduced their evidence of the panel’s finding. Based on the posture of the trial and how well things were going, plaintiffs might have decided not to make any comment. We do not base this decision solely on the fact that plaintiff’s strategy might have changed. However, the ruling complained of was not prejudicial until the plaintiffs attempted to introduce the improper evidence of what occurred before the mediation panel. This simply never happened. The decision not to offer the panel decision was a tactical one on defendant’s part and any prejudice was the result of that decision. In a recent decision, Swan v. Florida Farm Bureau Insurance Company, 404 So.2d 802 (Fla. 5th DCA 1981), the Fifth District held that a judgment will not *1083 be reversed based on an overruled motion in limine unless the evidence was in fact offered. Although not directly on point this decision supports the conclusion we reach in the present case. Appellant cannot rely on the prejudice that would have occurred because it never actually occurred by virtue of counsel’s decision to simply avoid the whole topic. As in all civil cases, appellant has the burden of demonstrating both error and prejudice and clearly the latter has not been shown. The judgment below is affirmed.
AFFIRMED.
HERSEY, J., concurs.
LETTS, C. J., concurs specially with opinion.