DOWNEY, Judge.
Prior to voir dire examination of the jury, appellant moved the court in limine to prohibit the State from using appellant’s prior conviction of petty theft for impeachment purposes. Appellant contended that petty theft may or may not involve dishonesty or false statements; if it does not, then it can not be used at trial to impeach defendant. The trial judge concluded that the proper procedure to impeach a witness based on prior convictions is for the prosecutor to ask the witness if he had ever been convicted of a crime. If the witness answers yes, the prosecutor may then ask how many times. If the response is correct, the inquiry ends. The court ruled it was not necessary for the court to inquire about the nature of the crimes nor to determine whether dishonesty or a false statement was involved in appellant’s conviction of petty theft.
During the trial, appellant was asked by his counsel on direct examination whether he had ever been convicted of a crime. He acknowledged that he had. When asked how many times, he answered, “Just twice.” Appellant’s argument on appeal contends that the trial judge’s ruling in limine forced appellant to bring out the convictions on his direct examination as a matter of trial tactics. The State, on the other hand, argues that it never attempted to impeach appellant, but that the incriminating evidence was adduced by appellant during his own direct examination.
We hold that the trial judge was wrong in his conclusion about the proper procedure to be followed in' impeaching a witness under Section 90.610(1), Florida Statutes (1981). However, he did not have the benefit of our opinion in Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982), wherein this court held that such impeachment should be commenced by asking two questions, “Have you ever been convicted of a felony?” and “Have you been convicted of a crime involving dishonesty or false statement?” Then, of course, the number of convictions would be an appropriate inquiry. Cummings also notes that it may be appropriate for the court, out of the presence of the jury, to instruct the witness as to the types of crime involving dishonesty or false statement.
Although the trial judge erred in his ruling regarding the impeachment procedure, we hold the error to be harmless because appellant adduced the impeachment evidence himself. In Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA 1982), the trial court’s in limine ruling caused the defendant not to take the witness stand. Being forced into waiving that important right precluded the appellate court from finding harmless error. In the present case, the court’s ruling may have influenced appellant to present the second conviction as a tactical move rather than allow the State to expose appellant’s criminal record on cross-examination. Regardless, under these circumstances, we be- *1100 Heve the trial court’s error was harmless. Bracey v. Reynolds, 414 So.2d 1081 (Fla. 4th DCA 1982).
We have considered appellant’s other point and find no error there. Accordingly the judgment appealed from is affirmed.
BERANEK and HURLEY, JJ., concur.