419 So.2d 807 (1982)
Virgilio BLASCO, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2331.
District Court of Appeal of Florida, Third District.
September 28, 1982.
Bennett H. Brummer, Public Defender and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
In an attempt to impeach defendant Blasco's statement during trial that he had previously been convicted of only one crime, the state "refreshed" his memory by questioning him concerning the nature of other convictions, without introducing conviction records. All but one of the convictions were of misdemeanors and did not involve dishonesty or false statements which would have permitted their use for impeachment. The questions posed by the state constituted improper impeachment under the procedure outlined in Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982), which we adopt.
To contradict a witness by past convictions a record of such convictions must be introduced into evidence. Rommell v. Firestone Tire and Rubber Co., 394 So.2d 572 (Fla. 5th DCA 1981). Questions regarding past convictions should not be asked unless the prosecutor has knowledge that the witness has been convicted of a crime and has the evidence necessary for impeachment if the witness fails to admit the number of convictions of such crimes. We agree with the First District Court of Appeal that the question, `Have you ever been convicted of a felony?' will cover crimes punishable by death or imprisonment in excess of one year. However, the second part of Section 90.610(1) presents a more difficult problem. A defendant may not know which crimes involve dishonesty or false statements and may open the door to disclosure of certain crimes by failing to acknowledge the number of such convictions or create the impression of a pattern of criminal conduct by including crimes not cognizable by Section 90.610(1). Therefore it may be appropriate for the trial court upon request of either counsel to instruct the witness out of the presence of the jury as to the types of crime which involve dishonesty or false statements. We hold that as a predicate to impeachment under Section 90.610(1), Florida Statutes (1979), *808 two questions may be asked: `Have you ever been convicted of a felony?' and `Have you ever been convicted of a crime involving dishonesty or false statement?' Accordingly, the form of the prosecutor's question was improper... .
Id. at 439. See also McClellan v. State, 417 So.2d 1098 (Fla. 4th DCA 1982). In view of the overwhelming evidence of defendant's guilt, however, reversal is not appropriate. Houston v. State, 337 So.2d 852 (Fla. 1st DCA 1976); Lockwood v. State, 107 So.2d 770 (Fla. 2d DCA), cert. denied, 111 So.2d 41 (Fla. 1959).
Affirmed.