423 So.2d 444 (1982)
Stan Jerome RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-516.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
Rehearing Denied December 27, 1982.
*445 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was adjudicated guilty, after a jury trial, for inciting a riot under Section 870.01(2), Florida Statutes (1981). He initially asserts the evidence was insufficient to support his conviction. Although the sufficiency of the proof presents a close question, after thorough review, we conclude the State did present a prima facie case and that a judgment of acquittal was not required. The case must however be reversed on the evidentiary rulings as to prior convictions. The question concerns the impeachment of Rivers under Section 90.610, Florida Statutes (1981), on the basis of two prior petit larceny convictions. The trial court ruled that these prior petit larceny convictions could be used for impeachment purposes and threatened to hold Rivers in contempt if he took the stand and testified that he had not been convicted of a crime. Rivers did testify and on direct examination stated he had been convicted of a crime twice.
The law of impeachment is this area was changed considerably by the Florida Legislature with the adoption of the Florida Evidence Code. Section 90.610 was amended to conform identically with Federal Rule of Evidence 609. Prior to this amendment, a witness was subject to being impeached with evidence of a prior conviction of any crime, excluding violations of a municipal ordinance. The Florida Supreme Court so held in Hendrick v. Strazzulla, 135 So.2d 1 (Fla. 1961). The Court found that "a crime is a crime" under the then existing impeachment statute. The argument that discrediting crimes must involve moral turpitude was expressly rejected.
Section 90.610, Florida Statutes (1981), now provides:
90.610 Conviction of certain crimes as impeachment. 
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment, with the following exceptions:
(a) Evidence of any such conviction is inadmissible in a civil trial if it is so remote in time as to have no bearing on the present character of the witness.
(b) Evidence of juvenile adjudications are inadmissible under this subsection.
(2) The pendency of an appeal or the granting of a pardon relating to such crime does not render evidence of the conviction from which the appeal was taken or for which the pardon was granted inadmissible. Evidence of the pendency of the appeal is admissible.
(3) Nothing in this section affects the admissibility of evidence under s. 90.404 or s. 90.608.
Since the Legislature amended Section 90.610 to conform identically with Federal Rule 609 we assume an intent to give the new impeachment statute a meaning similar to its federal counterpart. Federal Rule 609, has been uniformly interpreted as requiring that a conviction may not be used for impeachment purposes unless the prosecution demonstrates that the offense involved more than mere stealth. Elements of deceitfulness, untruthfulness, or falsification have been held necessary before the offense is relevant to credibility. See United States v. Dorsey, 591 F.2d 922 (D.C. Cir.1978), and United States v. Ortega, 561 F.2d 803 (9th Cir.1977).
*446 Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA 1982), is a decision on point. The defendant was charged with petit theft and moved at the close of the State's case to prevent the State from using a prior petit theft conviction for impeachment purposes. The trial court denied the motion and the defendant elected not to take the stand. On appeal, the First District reviewed the development of Section 90.610 and held at 97:
When a statute is amended, as was § 90.610(1) in 1978, we may assume in the absence of contrary indication that the legislature intended the amended statute to have a meaning different from that accorded to it before the amendment. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). Further, if a Florida statute is patterned after a federal law on the same subject, it will take the same construction in the Florida courts as its prototype has been given in the federal courts. Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977). In light of these principles of statutory construction and the uniform construction given to Federal Rule of Evidence 609 by the federal courts, we can only conclude that the Florida Legislature intended a like interpretation for § 90.610(1), Florida Statutes (1978). Therefore, we find ourselves compelled to hold that the simple crime of petit larceny may not be used for impeachment purposes unless the prosecution has demonstrated that such crime involves some element of deceit, untruthfulness, or falsification bearing upon the defendant's capacity to testify truthfully.
We agree with the First District's interpretation of Section 90.610 and conclude that the trial court erred in ruling that Rivers' prior petit larceny convictions were admissible for impeachment without first requiring the prosecution to demonstrate that Rivers' prior convictions were crimes of dishonesty within the meaning of Section 90.610, Florida Statutes (1981). In the face of an objection from defendant the state should have been required to go forward with proof as to the nature of the prior misdemeanor convictions.
We also conclude that this point is preserved for appropriate appellate review despite appellant's admissions on his own direct examination. This is in complete accord with the ruling of Hall v. Oakley, supra, and with the federal decisions cited therein at page 95. Further, in the instant case, the trial court had already ruled that appellant could only avoid contempt by testifying that he had been previously convicted. The point is thus preserved. The appellant's conviction is vacated and the matter remanded for new trial.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.