ORFINGER, Chief Judge.
The issue on appeal is whether or not a prior conviction for petty theft is a crime by which a witness’ credibility may be impeached under section 90.610(1), Florida Statutes (1981).[1] We hold that it may be so used, and we affirm.
After the State rested in this prosecution for second degree grand theft, defendant made a motion in limine to prevent the State from using the prior petty theft conviction for impeachment purposes, without a prior showing that such conviction involved either “dishonesty or moral turpitude.” The trial court said that “if stealing wasn’t dishonest, he didn’t know what was” and denied the motion in limine. In cross examining the defendant, the prosecutor received an affirmative reply to two questions: a) have you ever been convicted of a felony; and b) have you ever been convicted of a crime involving dishonesty.
The harmless error doctrine has been applied to a similar fact situation, where because of an adverse ruling on a motion in limine, the defendant’s counsel brought out the impeachment testimony himself. See McClellan v. State, 417 So.2d 1098 (Fla. 4th DCA 1982); So too here, it might be said that the error, if any, was harmless because defendant admitted to a prior felony conviction in addition to the questioned misdemeanor conviction. However, because we feel the necessity to rule on the question, we are impelled to the conclusion that the trial court was correct.
The statute permits a witness’ credibility to be attacked by evidence of the prior conviction of any felony or of any crime which involves “dishonesty or false statement,” no matter what the punishment. Without belaboring the issue, we believe that a person who steals is dishonest, and *1009 that stealing (or theft) is thus a crime of dishonesty. We are aware of the decisions in Rivers v. State, 423 So.2d 444 (Fla. 4th DCA 1982) and Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA 1982), but we respectfully disagree with their conclusions. Both cases are predicated on the interpretations of Rule 609 of the Federal Evidence Code by the federal courts which have held that proof of deceitfulness, untruthfulness or falsification must be proved before the offense of petty larceny is relevant to credibility. Because we believe that a thief is involved in a dishonest venture when he steals we do not agree that anything other than conviction of the crime must be proved to demonstrate that the crime involved dishonesty. We thus recognize direct conflict with Rivers and Hall, and we certify to the Supreme Court of Florida the following question which we deem to be of great public importance:
Does the crime of petty theft involve “dishonesty or false statement” as to make it an impeachable offense under section 90.610(1), Florida Statutes, without additional proof that the conviction involved elements of deceitfulness, untruthfulness or falsification?
AFFIRMED.
COBB and SHARP, JJ., concur.

. Fla.Stat. § 90.610(1) provides in part:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or if the crime involved dishonesty or false statement regardless of the punishment — ...