DELL, Judge.
A jury found appellant guilty of burglary of a structure and petit theft. He contends *738 that the trial court erred when it denied his motion in limine to exclude evidence of his prior convictions and when it denied his motion for mistrial after the admission of that evidence. We agree and reverse.
Appellant also contends that the trial court erred when it imposed costs since he had been adjudicated insolvent. The state concedes error in the imposition of costs.
At the conclusion of the state’s case, appellant made a motion in limine to preclude the state from asking whether he had been previously convicted of a felony or other qualifying offense. The trial court concluded that the state could ask appellant whether he had ever been convicted of a felony and whether he had ever been convicted of a crime involving dishonesty or false statements, and if the answer to either question was in the affirmative, that the state could ask how many times appellant had been convicted of these crimes. The trial court also informed counsel that without proof of prior convictions, the state could not go beyond that point and ask the witness further questions or imply to the jury that the prosecutor had in his possession evidence of other crimes if it did not have such evidence. The parameters set by the court for questioning on prior convictions coincides with this court’s holding in Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982). Had the state adhered to the trial court’s guidelines on questioning, reversal in this case would not be necessary.
Appellant argued in support of his motion in limine that he had not received any evidence from the state concerning his pri- or convictions and therefore such evidence should be excluded. The record herein shows that the state attorney was steadfast in his belief that he did not have to supply the evidence to appellant:
THE COURT: Do you have evidence on prior convictions?
PROSECUTOR: Your Honor, I believe we had a trial like that before. I do not have to answer until the question comes up. I will do it in good faith. I will be limited to the question I am allowed to ask.
DEFENSE COUNSEL: 3.2200 [sic] requires the state to give all evidence, including rebuttal evidence.
THE COURT: What about that?
PROSECUTOR: If there’s any evidence to be supplied, we do not supply it from every conviction in every county in the United States.
THE COURT: If you intend to use it, aren’t you required to furnish it?
PROSECUTOR: I don’t believe so, Your Honor.
THE COURT: Well, I think you are.
PROSECUTOR: Your Honor—
THE COURT: I think that’s what the rules say.
PROSECUTOR: Yes, Your Honor, what I was going to respond to, in addition, is that in this case, the defense counsel is aware the defendant has at least eight prior felony convictions and that we might be using it and they have the same access to obtaining those certified copies of the judgment as we do.
DEFENSE COUNSEL: Judge, that’s untrue. I have no such knowledge.
THE COURT: All right. Well, we'll just go ahead, then.
After this exchange the trial continued with appellant testifying on his own behalf. He admitted that he had a number of convictions, but he also testified that he could not remember how many he had or the nature of the convictions.« When appellant objected to the state’s cross-examination the court again asked the state whether it had any record of appellant’s convictions. The state responded by producing four original court files and asserted that the convictions contained therein pertained to appellant. At this point appellant asked for and received a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). During the colloquy between court and counsel, appellant argued:
Judge, again just for the appellate purposes, if I had had this information prior to trial, I could have gone over it all with my client. I could have properly prepared him to take the stand. I could have effectively represented him as far *739 as determining whether he should testify. I also could have had an independent examiner possibly if there was a disagreement — I don’t know if we disagree with these documents — to determine whether or not those are his fingerprints.
I have been prevented from doing so by this late discovery.
I have also been prevented from asking voir dire questions that I might have asked related to these prior convictions, so even though it’s not my burden to show procedural prejudice, I am proffering to the court that that is procedural prejudice that I have suffered.
Afterward, the trial court overruled appellant’s objections. The state referred to the judgments of conviction and in one instance disclosed that the conviction was for burglary.
We hold that the trial court erred when it failed to exclude the evidence of prior convictions and when it failed to grant appellant’s motion for a mistrial after the state disclosed that appellant had been convicted of burglary. The strength of appellant’s defense depended upon his credibility since he argued that he was intoxicated and lacked specific intent to commit the crime. Therefore, even though the record contains evidence from which a jury could find that appellant committed the burglary and theft, we think appellant demonstrated sufficient prejudice as a result of the state’s refusal to furnish him with copies of the convictions to preclude the application of the harmless error rule to the facts of this case.
Accordingly, we reverse appellant’s conviction and remand this case for a new trial. The state has conceded the error in the imposition of costs.
REVERSED and REMANDED for a new trial.
STONE, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.