SMITH, FREDRICKA G., Associate Judge.
Peterson appeals his judgment of conviction for second degree murder entered upon *11 a jury verdict. Although he raises several points on appeal, we find that only one merits discussion and none require reversal.
For our purposes, the only relevant fact is that Peterson testified at trial in support of his claim that he acted in self-defense when he stabbed the victim, and therefore placed his credibility in issue. He now contends that the trial court erred when it allowed the prosecutor to ask him whether he had been convicted of a felony or a crime involving dishonesty, when the prosecutor did not have in hand certified copies of the convictions.
At the close of the state’s case, defense counsel moved in limine to preclude the state from asking the defendant whether he had been convicted of a crime. At a hearing out of the jury’s presence, defense counsel acknowledged that the prosecutor had in discovery furnished him with copies of a report from the state of New York Criminal Justice Services and an accompanying affidavit certifying that the document contained true and exact copies of criminal records of Michael Clifford Peterson, including the date of birth and other information identifying the defendant. In addition, the state had provided a copy of the national crime index computer printout listing the criminal record of Michael Clifford Peterson showing the same date of birth and other identifying information. As a matter of strategy, defense counsel had waited until the state had rested its case to bring his objection to the state’s and the court’s attention, believing that the state did not have certified copies of the convictions and that without them, even if there was no specific challenge to the accuracy of the “rap sheets”, the state could not inquire into his client’s criminal record.
At the hearing, when the trial judge reviewed the “rap sheets” with counsel, the prosecutor stated he had a good faith belief that the defendant had at least three felony convictions: one in 1973 for bribery of a public servant, one in 1976 for conspiracy to distribute cocaine, and one in 1978 for use of communication to facilitate the distribution of narcotics. Defense counsel specifically objected to the 1978 conviction, claiming that his client would deny that conviction.[1] The prosecutor then agreed to “settle for two” and to pose the questions simply, “Have you ever been convicted of a felony?” and “How many times?” Further, the prosecutor agreed that even if defense counsel during redirect examination brought out the dates of the prior convictions, the prosecutor would ask for no further details. Following this discussion, the trial court ruled that the questions could be asked.
When the trial resumed, the defendant was cross-examined as follows:
BY MR. BUCKNER: [prosecutor]
Q. Have you ever been convicted of a felony, sir?
A. Yes.
Q. How many times?
A. Once.
Q. Other than that, have you ever been convicted of a misdemeanor involving dishonesty? [2]
A. Yes.
Q. How many times?
A. Once.
Q. That is all.
REDIRECT EXAMINATION
BY MR. LUBIN: [defense counsel]
Q. When was that, how many years ago?
A. It was, 20 years ago — over 20 years ago.
Q. Both of those?
A. Yes.
In view of the procedure that was followed by the trial court, which allowed the defendant an opportunity to contest the aecu- *12 racy of the information regarding his prior record and challenge whether, even if accurate, it could be used to impeach, and in view of the manner in which the questions were actually asked and answered, we cannot agree with appellant that the absence of certified copies of convictions in hand before questioning the defendant requires reversal.[3]
The language in Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982), upon which appellant relies as stating the “rule” prohibiting questions regarding prior convictions unless the prosecutor has certified copies of convictions in hand to introduce as impeachment, is neither the court’s holding in the case, nor an absolute proscription requiring reversal in every case where the suggested procedure is not followed. In Cummings, the court addressed the proper form of questions to be asked when attacking a witness’s credibility on the basis of past convictions under the newly enacted evidence code, specifically section 90.610(1), Florida Statutes (1979). Under the new code, it was no longer permissible to ask a witness about previous convictions of any crime; the witness could be asked only about felony convictions or any crimes involving dishonesty or false statement.
Cummings’s attorney asked his client on direct examination how many times he had been convicted of a felony. His client answered, “once.” On cross-examination, the prosecutor, over objection, posed the question in the improper form: “How many times have you been convicted of a crime?” To this question, the defendant responded, “five to seven”. The jury had now heard evidence regarding irrelevant criminal incidents, that is, misdemeanors not restricted to those involving dishonesty or false statement, and the defendant was clearly prejudiced. The question of whether the prosecutor possessed certified copies of convictions never arose since there was no need to contradict the defendant’s testimony. In fact, the prosecutor argued in closing that the answer the defendant gave (five to seven crimes) was correct, and that the defendant had lied in responding to his attorney’s “misleading” question that he had only one felony conviction.
Turning back to the case before us, we agree that had the defendant denied his prior convictions, the only permissible manner of impeaching him would have been by the introduction of certified records of the convictions.[4] The “rap sheets” would not have been admissible, nor would any further questioning on the subject have been allowed. Irvin v. State, 324 So.2d 684 (Fla. 4th DCA), cert. denied, 334 So.2d 608 (Fla.1976). The state would have had to obtain certified copies of the convictions for introduction in its rebuttal case, or would have been “stuck” with the unimpeached denial of prior crimes.[5]
Peterson urges that even though a defendant admits prior convictions, he can still be prejudiced. He contends his admission does not do away with his right to challenge the *13 lack of certified copies, although the need to use them never arises. He relies on Rivers v. State, 423 So.2d 444 (Fla. 4th DCA 1982), quashed, 456 So.2d 462 (Fla.1984), a ease having nothing to do with “rap sheets” or certified copies. In Rivers, the trial court, over the defendant’s objection, ruled that convictions for petty theft could be used for impeachment and threatened the defendant with contempt if he denied he had been convicted of a crime. However, the problem was that the state made no showing that these petty thefts involved dishonesty or falsification as opposed to simple stealth. The appellate court in Rivers, as in Cummings, was concerned that the defendant admitted to crimes that should not have been used for impeachment in the first place.
Peterson is not claiming, nor could he, that the crime of bribery of a public servant is not a crime of dishonesty. And Peterson, unlike Rivers, was not forced by the trial court to admit to past criminal convictions upon the threat of contempt, or even upon the threat that the evidence of prior convictions in the form of the “rap sheets” would be admitted into evidence to impeach him.[6]
The questions posed to Peterson did not contain any known false insinuation and were, therefore, asked in good faith. See Alvarez v. State, 467 So.2d 455 (Fla. 3d DCA), rev. denied, 476 So.2d 675 (Fla.1985); Miller v. State, 605 So.2d 492 (Fla. 3d DCA 1992), rev. denied, 613 So.2d 7 (Fla.1993). Furthermore, Peterson’s response to questions, asked in proper form, did not result in the jury’s consideration of crimes not properly usable for impeachment.
We recognize that in Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991), affd on other grounds,[7] 612 So.2d 555 (Fla.1992), the court, following Cummings, approved the exclusion of evidence that the state’s principal witness had been convicted of a felony even though it appears uncontradieted that the witness had served 20 months in a federal penitentiary and was indeed convicted of a felony. To the extent that Peoples sets forth an immutable rule requiring certified copies of convictions before a witness may be questioned about prior convictions, we respectfully disagree. Rather, we hold that the failure to adhere to the prophylactic procedure recommended in Cummings does not, under the circumstances of this case, require reversal.
We affirm.
WARNER and PARIENTE, JJ., concur.

. Defense counsel stated: "And I will tell you now that at least one of those is not accurate, one of the ones he wants to use is not accurate, and if he asks Mr. Peterson, he'll say no, and Mr. Buckner [the prosecutor] will have created prejudice and not be able to complete the impeachment because it is not true. I want that made clear, that '78 conviction is inaccurate.”

. The prosecutor posed the additional question regarding misdemeanor convictions since the defendant acknowledged only one felony conviction. Apparently the defendant regarded the conviction for bribery of a public servant as a misdemeanor.

. Although we do not base our holding on waiver, we do note that the defense made no objection to the actual cross-examination even though the questions were not asked in precisely the way the prosecutor stated during the hearing on the motion in limine. The defendant cannot maintain that his motion in limine was sufficient to preserve for review an objection to the actual questions asked. Thomas v. State, 424 So.2d 193 (Fla. 5th DCA 1983). Compare Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA), rev. denied, 419 So.2d 1200 (Fla.1982), disapproved on other grounds, State v. Page, 449 So.2d 813 (Fla.1984) (error to deny defendant’s motion to prohibit impeachment by prior petty theft conviction when, as a result, the defendant did not testify and court could not presume to know how the defendant would have answered the question).

. There are, of course, other methods of impeachment not requiring the introduction of the records themselves. If a witness has given prior testimony that he has been convicted of a greater number of felonies or crimes involving dishonesty than he admits to at trial, he can be impeached by reference to the prior inconsistent statement. Derrick v. State, 581 So.2d 31 (Fla. 1991).

.It is arguable that under certain circumstance a defendant may be prejudiced simply by the prosecutor’s asking of the question, especially if the prosecutor is holding a "rap sheet” in her hand and indicates her disbelief in the defendant's answers, knowing full well that she will not be able to later introduce admissible impeaching evidence. We are skeptical that under such circumstances, even if the defendant denies the convictions, the prejudice to the defendant can be cured by an instruction. But see Darby v. United States, 283 F.2d 896 (10th Cir.1960).

. As the trial court stated at the conclusion of the hearing of the motion in limine, referring to the "rap sheets”:
Madam Clerk, it's most important that [the] exhibit [is] to remain in the integrity of the file. Not to go for [sic] this jury. If the bailiff tries to mix it up, avoid that.

. The court specifically declined to address the impeachment issue.