FULMER, Judge.
In this appeal of his conviction and. sentence for robbery, Alexander Lee Williams raises two points arising out of the state’s use of his prior convictions for impeachment. We find no error and affirm.
Williams’ first contention is that the state’s failure to provide certified copies of his prior convictions during discovery was error. We decline to address this point because the defendant never presented this argument to the trial court. “In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” Tillman v. State, 471 So.2d 32, 35 (Fla.1985).
Williams’ second contention is that the prosecutor was required to have certified copies of his prior convictions in hand at the time Williams was asked the impeachment questions. We reject this argument because there is no absolute requirement for such a formality. Section 90.610(1),. Florida Stat *262 utes (1993), governs impeachment by prior convictions and provides, in pertinent part:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment. ...
This provision of the Florida Evidence Code defines those convictions that are admissible to impeach. The method by which such prior convictions may be introduced is established by case law. The state may impeach the defendant by asking him “Have you ever been convicted of a felony?” and “Have you ever been convicted of a crime involving dishonesty or false statement?” These questions should not be asked unless the prosecutor has knowledge that the defendant has been convicted of such crimes and has the evidence necessary for impeachment if the defendant fails to admit the number of convictions. See Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982). If the defendant denies the prior convictions or fails to admit the number of such convictions, the state may then introduce into evidence proof of the convictions, usually certified copies of the judgment and sentence, without stating the exact nature of the prior convictions. Porter v. State, 593 So.2d 1158 (Fla. 2d DCA 1992); Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991), aff’d, on other grounds, 612 So.2d 555 (Fla.1992); Cummings, 412 So.2d 436.
Contrary to Williams’ assertion, neither Cummings nor Peoples requires that the certified copies be physically in the hand of the prosecutor at the time the impeachment questions are asked. While we believe that the state should actually possess the certified copies in the event the defendant denies the convictions, we hold that is not necessary for the prosecutor to have the certified copies in hand prior to questioning a defendant where the copies are in the possession of the state and are available to be introduced into evidence if necessary. Here the state possessed certified copies of Williams’ prior convictions, but did not have them in the courtroom at the time the defendant was initially questioned because the prosecutor had left them in another file which was “downstairs.” After a brief recess, the state produced and properly introduced the certified copies into evidence on rebuttal. Accordingly, we find no error.
AFFIRMED.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.