WARNER, J.
Kevin Barcomb appeals his conviction for felony driving while license revoked. During his trial the prosecutor attempted to impeach him by asking him whether he had been convicted of a felony even though the prosecutor did not have a certified copy of any conviction and only had a NCIC “rap” sheet. We hold that the prosecutor improperly impeached the defendant, and the error in this case was not harmless.
Officer Caudill stopped Barcomb for speeding. When Barcomb could not produce a driver’s license, the officer verified that Barcomb’s license was revoked. The officer questioned Barcomb to determine whether there was some sort of an emergency. Barcomb said his girlfriend, who was in the front passenger seat, had a headache and that was why he was driving. His son was in the back seat. The officer issued Barcomb a citation for speeding and driving with a suspended license but did not arrest him. He then asked the girlfriend if she could drive. When she agreed, he allowed her to drive from the scene. Barcomb was later charged with felony driving while license revoked. The state rested after the officer’s testimony.
Before beginning the defense, Bar-comb’s attorney requested the court to prevent the prosecutor from questioning Barcomb about prior convictions as the prosecutor had informed defense counsel of the existence of the conviction only the night before. The state believed that Bar-comb had previously been convicted of a felony in New York based upon an NCIC report showing a 1996 conviction in New York for DUI for which he received five years of probation. The defense disputed the record and asked the court to require that the state not cross-examine on the conviction unless the prosecutor could prove that Barcomb was, in fact, a convicted felon from New York. The judge denied the request, finding that if the prosecutor had a good faith basis to ask the question, “Have you ever been convicted of a felony?” she could ask it. The prosecutor stated that her intention was to ask Bar-comb if he was a convicted felon and if the defendant answered “no” then the inquiry would end there because the state didn’t have the certified copy of any conviction. She would then get a certified copy and prosecute the defendant for perjury. In ruling for the state, the judge relied on Peterson v. State, 645 So.2d 10 (Fla. 4th DCA 1994), and concluded that if the state has a good faith belief that the defendant has a prior criminal conviction, the prosecutor may go ahead and ask the impeachment question. The NCIC rap sheet allowed the state to have a good faith belief of a prior conviction.
*414 The defense then presented its ease, relying on the defense of necessity to the charge. Barcomb’s girlfriend testified that after finishing their dinner at a local restaurant, she was driving home but had a migraine headache and could not drive any further. She asked Barcomb to drive because she felt very ill, and there was no other option. Barcomb’s son also testified that he was in the vehicle that evening and that the girlfriend was sick and couldn’t drive straight.
Barcomb testified that, after they had gone out to eat, his girlfriend was driving. She was swerving, said she didn’t feel well, and had to pull over as she was nauseous. She asked him to drive, and as they were on 1-95, he didn’t feel safe simply sitting on the side of the road. He felt that driving was the only way to get his family home safely in a way that didn’t require them to sit there for hours. He conceded that he didn’t have a driver’s license and that it had been suspended because he previously had a DUI. He didn’t know if it was a misdemeanor DUI or felony DUI.
On cross-examination the prosecutor asked Barcomb if he had ever been convicted of a felony. He responded that he was unsure whether he had ever been convicted of a felony. The prosecutor asked no other questions regarding a prior felony.
The jury found Barcomb guilty as charged and he was sentenced to a year in the county jail. He now appeals.
A trial court’s ruling on the admissibility of evidence is reviewed for abuse of discretion. Globe v. State, 877 So.2d 663, 672 (Fla.2004). However, a court’s discretion is limited by the evidence code and a court’s erroneous interpretation of the evidence code is subject to de novo review. Gilliam v. Smart, 809 So.2d 905, 907 (Fla. 1st DCA 2002); Walden v. State, 17 So.3d 795, 796 (Fla. 1st DCA 2009) (appellate courts have de novo review of a trial court’s erroneous interpretation and application of Florida law).
Florida Rule of Evidence section 90.610(1) provides that:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment ...
Thus, an attorney may ask a witness, “Have you ever been convicted of a felony?” If the witness answers affirmatively, he may then be asked “How many times?” He may also be asked if he has been convicted of a misdemeanor involving dishonesty, and if he answers “yes”, how many times. See Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982), limited by Bobb v. State, 647 So.2d 881 (Fla. 4th DCA 1994).
“Questions regarding past convictions should not be asked unless the prosecutor has knowledge that the witness has been convicted of a crime and has the evidence necessary for impeachment if the witness fails to admit the number of convictions of such crimes.” Cummings, 412 So.2d at 439 (emphasis supplied). Accord, Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991), decision approved on other grounds, 612 So.2d 555 (Fla.1992). “The requirement that the attorney have the evidence necessary for impeachment merely assures that [the attorney] will not ask questions which suggest a certain set of facts in the absence of a good faith belief that those facts are true.” Alvarez v. State, 467 So.2d 455, 456 (Fla. 3d DCA), rev. denied, 476 So.2d 675 (Fla.1985), disapproved of on other grounds, Riechmann *415 v. State, 581 So.2d 133 (Fla.1991). Similarly, Charles Ehrhardt, Florida Evidence, section 610.6 (2007 Ed.), supports the need to have both the knowledge and a certified copy of a conviction before the questions may be asked:
Although section 90.610 speaks only to which convictions are admissible to impeach and not to the procedure that should be followed during the trial in examining a witness about prior convictions, Florida appellate decisions have established the method of using the convictions. Questions regarding past convictions should not be asked unless counsel has knowledge of a conviction and possesses a certified copy of the judgment of conviction.
The federal courts are in accord, explaining that “to ask a defendant whether he has had criminal convictions, without possessing a certified copy of the record, is fraught with possibilities of error....” See Ciravolo v. United States, 384 F.2d 54, 55 (1st Cir.1967); cited with approval in U.S. v. Constant, 501 F.2d 1284, 1288 (5th Cir.1974).
Some courts have crafted a “good faith” exception to the rule. In Alvarez, the court determined that a witness could be examined regarding prior felony convictions in Cuba where records of such convictions may be non-existent or exceptionally difficult, if not impossible, to obtain. Records from United States based convictions do not carry the same difficulty. See Peoples, 576 So.2d at 789. In Miller v. State, 605 So.2d 492, 494 (Fla. 3d DCA 1992), the court affirmed the trial court’s admission of impeaching questions regarding a defendant’s four prior federal felony convictions, where the prosecutor had an FBI rap sheet showing such convictions, and the prosecutor had made four different attempts to secure the certified copies but had been unable to obtain them prior to trial. The court found that this was sufficient to show good faith by the prosecutor.
Likewise, in Peterson, on which the trial court relied, the prosecutor had furnished to the defense in discovery copies of a report from New York from the Criminal Justice Service identifying Peterson’s convictions and certifying by sworn affidavit that the document was true. The state also had a national crime index computer printout (NCIC rap sheet) listing Peterson’s criminal record. Moreover, the defense stipulated to two prior convictions, and the prosecutor asked about only two convictions. Thus, the prosecutor had a good faith reason to ask the question, having an affidavit from another jurisdiction attesting to the truthfulness of the record.
In Williams v. State, 654 So.2d 261 (Fla. 2d DCA 1995), the Second District held it was not error for the prosecutor to ask about convictions when certified copies of the convictions were in the prosecutor’s office and after a short recess were introduced on rebuttal. The Second District held: “While we believe that the state should actually possess the certified copies in the event the defendant denied the convictions, we hold that is not necessary for the prosecutor to have the certified copies in hand prior to questioning a defendant where the copies are in the possession of the state and are available to be introduced into evidence if necessary.” 654 So.2d at 262.
In contrast to these cases, the prosecutor in this case obtained on the eve of trial only an NCIC sheet indicating a prior DUI conviction in New York. She did not notify defense counsel of her intent to use it until after the trial had started, and she did not have certified copies of the conviction or, as in Peterson, an affidavit from New York attesting to the accuracy of the report. Nor had the prosecutor *416 attempted to secure a certified copy of the conviction, as in Miller. We agree with Peoples that we should not stray so far from the Cummings rationale so as to approve the questioning of the witness without more than an NCIC rap sheet to wave in front of a jury.
While not authoritative, 1 Florida Practice, section 610.6 addresses the issue in this -manner:
Some recent appellate decisions have relaxed the requirement that counsel possess a certified copy of the judgment of conviction if a “good faith basis” has been made to obtain the judgment of conviction. [Citing Peterson.] Under the rationale of these cases, counsel can attack credibility based upon a “rap sheet.” Others have rejected this relaxation and continue to require the certified copy. [Citing Williams.] The Florida courts should continue to require counsel cross-examining concerning a section 90.610 conviction to possess a judgment of conviction. Since rap sheets contain inaccurate entries, requiring the judgment of conviction ensures the court and jury are not misled. Additionally, inadequate trial preparation is often the reason that a certified copy has not been obtained, if such a conviction exists. Because of the potential for prejudice when the jury learns of a prior conviction, protections should exist to ensure that they are not misled at the expense of the adverse witness or party.
We agree that the mere possession of a rap sheet alone without any attempt to obtain certified copies of the convictions or corroborate the convictions is not sufficient to permit counsel to pose impeaching questions based upon prior convictions.
The state argues that any error would have been harmless because the defense counsel herself first raised the question of Barcomb’s prior convictions by asking Barcomb on direct exam about a prior conviction. Defense counsel, however, raised the issue on his direct examination of Barcomb after the trial court had already ruled that the state could ask the question about prior felonies even without having the certified copy. “[Ojnee a trial court makes an unequivocal ruling admitting evidence over a movant’s motion in limine, the movant’s introduction of that evidence does not waive the error for appellate review.” See Rodgers v. State, 948 So.2d 655 (Fla.2006), quoting Sheffield v. Superior Ins. Co., 800 So.2d 197, 203 (Fla.2001).
We cannot otherwise find that the eiTor was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Defense counsel informed the court that had she known about the conviction prior to jury selection, she would have changed her jury selection strategy. Further, as noted in some of the foregoing authorities, the reason that convictions for prior felonies are such effective impeachment is that the mere fact that a defendant has been convicted of a crime impacts his believability. See Bobb, 647 So.2d at 885. Here, Barcomb’s believability was critical to his defense of necessity to the charge. Thus, the error in denying the motion in limine was not harmless.

Reversed.

TAYLOR and CONNER, JJ., concur.