404 So.2d 802 (1981)
James W. SWAN, Appellant,
v.
FLORIDA FARM BUREAU INSURANCE COMPANY, Appellee.
Nos. 80-1358, 80-1359.
District Court of Appeal of Florida, Fifth District.
October 7, 1981.
Arthur G. Leonhardt, Jr., of Leonhardt, Trickel, Leigh, Gibson & Martin, Orlando, for appellant.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
ORFINGER, Judge.
In this action brought for damages under a policy of fire insurance, the jury returned a verdict for defendant. Appellant, plaintiff below, challenges the final judgment entered on the jury verdict, and also questions the cost judgment subsequently entered against him.
Appellant's pharmacy was destroyed by fire and he brought suit against appellee to recover the proceeds of a fire insurance *803 policy issued to him by appellee. Liability was denied on the asserted ground that appellant had either deliberately burned the premises or had caused them to be burned. Appellant contends that the trial court erred in permitting appellee to introduce evidence tending to show that appellant was under investigation for narcotics violation just prior to the fire; that a preliminary search of his records had been made and that the investigating officers had advised appellant that they would be back to make a more detailed search. Appellee contends that the evidence is relevant as tending to show a motive for the fire, i.e., the destruction of the records, which evidence, coupled with evidence that the appellant urgently requested a large increase in his fire insurance coverage two days before the fire, and expert evidence that the fire was deliberately set, supports its defense of arson. Additionally, appellee says that the issue of admissibility of this evidence was not preserved for appeal because no objections to it were offered at the trial.
Prior to trial, appellant filed a motion in limine requesting that the appellee be prohibited "from mentioning, testifying, arguing, or otherwise bringing to the attention of the jury, either directly or indirectly, any mention or reference ... to any charges of narcotics laws violations of plaintiff," contending that any such evidence would deny appellant due process, violate the rules of evidence and would be extremely prejudicial. The motion was denied.[1] At trial, substantial evidence was introduced to show appellant's involvement in alleged narcotics laws violations, the search of his records and the announcement by the officers that they intended to return to make a more thorough search. All this evidence was introduced at trial without objection.
Appellee's contention is correct that no issue as to admissibility of this evidence was preserved for appeal because of the failure of appellant to object to its introduction at trial. Appellant contends that the motion in limine, overruled by the trial court, eliminates the need to object at trial. This precise issue as it applies to civil cases appears not to have been addressed by any appellate court in Florida.
The rule requiring a contemporaneous objection at trial to the introduction of allegedly inadmissible testimony is firmly established in criminal law. In Crespo v. State, 379 So.2d 191 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1111 (Fla. 1981), the appellant's motion in limine was denied prior to trial, and appellant did not object at trial to the introduction of testimony initially sought to be excluded. The court concluded that under these circumstances the rule requiring contemporaneous objection to allegedly inadmissible testimony prevented review of appellant's argument in the absence of fundamental error, which was not found. The rule requiring a contemporaneous objection to the introduction of evidence at trial in order to preserve the issue for appellate review is equally applicable to civil cases. See Marks v. Delcastillo, 386 So.2d 1259 (Fla. 3d DCA 1980). The record here is devoid of any indication that appellant attempted to prevent the admission of the allegedly inadmissible testimony after the denial of the motion in limine and no motion for directed verdict or for new trial was made.
Since the purpose of a contemporaneous objection is the same in civil as in criminal cases,[2] the same rule must apply when an appellant wishes to complain about the admission of testimony attempted to be precluded by the motion in limine. A trial judge can only become aware of a party's objection to specific testimony or a line of questioning if a proper objection is made at *804 the time it is offered. The judge deserves the opportunity to rule on the evidence in the light of what is happening, the evidence previously admitted and the specific grounds for the objection. Having previously overruled the motion in limine, he might now sustain the objection if it is made, but he cannot be left to guess that a generally phrased pre-trial objection is still valid in the shifting pattern of the actual trial. The "practical necessity and basic fairness" suggested by Castor strongly suggests the rule under the circumstances here. We think the Texas Supreme Court has correctly stated the rule, viz:
If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were in fact asked or offered. If they were in fact asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal.
Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331, 335 (Tex. 1963).
Appellant's contention that the trial court improperly awarded certain items of costs is not supported by the record, nor has appellant demonstrated any abuse of the trial court's discretion in that regard.
The judgment is AFFIRMED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] The trial court ruled inadmissible evidence of a plea of guilty by appellant, and although appellee cross appeals this ruling, we do not address this issue in the light of our decision.
[2] "The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings." Castor v. State, 365 So.2d 701, 703 (Fla. 1978).