409 So.2d 93 (1982)
Jo Ann HALL, Petitioner,
v.
The Honorable Thomas D. OAKLEY, Circuit Court Judge, Division N, Duval County, Florida, Respondent.
No. AG-152.
District Court of Appeal of Florida, First District.
January 18, 1982.
Rehearing Denied February 23, 1982.
*94 Louis O. Frost, Jr., Public Defender, James T. Miller and Brian D. Morrissey, Asst. Public Defenders, for petitioner.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for respondent.
PER CURIAM.
Jo Ann Hall was adjudicated guilty, after a jury trial, of the charge of petit theft. § 812.014(2)(c), Florida Statutes. Her conviction in the Duval County Court was affirmed by the Circuit Court without opinion. She now petitions this court for a writ of common law certiorari. We have jurisdiction. *95 Art. V, § 4(b)(3), Fla. Const. (1972); Fla.R.App.P. 9.030(b)(2)(B).
The operative facts to this appeal are essentially undisputed. In support of its case, the state presented the testimony of only one witness, the department store security guard who arrested the petitioner. The state then rested, at which time petitioner ore tenus filed a motion in limine to prevent the state from impeaching the petitioner, should she testify, by the use of a five-year old petit theft conviction. The trial court denied the motion. The petitioner then elected not to take the stand but did present several witnesses, other store employees, on her own behalf.
The first question with which we must deal in reviewing this case is whether the alleged error has been preserved for certiorari review. We note that, as a general proposition, where the trial court deprives a person of a fundamental right, such action must be deemed reversible and prejudicial error subject to certiorari review. See Coggins v. State, 101 So.2d 400 (Fla.3d DCA 1958). In all criminal prosecutions the accused has the right to be heard in person, by counsel, or both. Art. I, § 16, Fla. Const. This right is a mandatory organic rule of procedure in all prosecutions in all courts of this state. Deeb v. State, 131 Fla. 362, 179 So. 894 (1937). "[I]t is basic to a defendant's `right to be heard' to be able to testify as to whether he did or did not commit the crime for which he was charged." Moore v. State, 276 So.2d 504 (Fla.2d DCA 1973). In view of these fundamental and long-accepted constitutional principles, we conclude that the petitioner's argument is suited for review by certiorari.
It might also be argued, although the state has not done so, that the petitioner's argument has simply not been properly preserved for appellate review. Our sister court has recently addressed just such a similar situation in a civil case and has held:
If a motion in limine is overruled, a judgment will not be reversed unless the questions of evidence were in fact asked or offered. If they were asked or offered, then objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal.
Swan v. Florida Farm Bureau Insurance, 404 So.2d 802 (Fla. 5th DCA 1981), quoting Hartford Accident Indemnity Co. v. McCardell, 369 S.W.2d 331, 335 (Tex. 1963). Swan and McCardell, however, are distinguishable on several grounds. First, we are dealing with a criminal case in which the petitioner's right to testify on her own behalf was conditioned on acceptance of the trial court's evidentiary ruling. Inasmuch as the right to testify on one's behalf is a fundamental right (See Moore v. State, supra), we conclude against requiring that a defendant must testify in order to preserve his or her argument for appellate review. The United States Circuit Courts which have considered the issue have held that the failure to testify does not moot the issue of the admissibility of prior convictions for impeachment purposes. See, e.g., United States v. Fearwell, 595 F.2d 771 (D.C. Cir.1978); United States v. Langston, 576 F.2d 1138 (5th Cir.), cert. denied, 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed. 327 (1978).
Swan can also be distinguished on its facts. In Swan, the Fifth District Court of Appeal observed:
A trial judge can only become aware of a party's objection to specific testimony or a line of questioning if a proper objection is made at the time it is offered. The judge deserves the opportunity to rule on the evidence in light of what is happening, the evidence previously admitted and the specific grounds for the objection. Having previously overruled the motion in limine, he might now sustain the objection if it is made, but he cannot be left to guess that a generally phrased pre-trial objection is still valid in the shifting pattern of the actual trial.
Id. at 803. In this case, however, we are dealing not with a pre-trial motion but with a motion made after the state had rested its case and before the defense put on its own witnesses. Hence, a proper and timely objection *96 was made by the petitioner at the time she sought to offer evidence on her own behalf. As such, petitioner's motion was not a pre-trial speculative maneuver, but, in fact, was a concrete, immediate, and timely objection to the state's proposed tactics. In consideration of these facts and the importance which attaches to the right to testify on one's own behalf, we reach the conclusion that this issue has been properly and timely preserved for our review.
We now turn to the merits of this cause. Prior to adoption of the new evidence code, a witness could be impeached with evidence of a conviction of any crime, excluding minor offenses such as traffic infractions. See Hendrick v. Strazzula, 135 So.2d 1 (Fla. 1961). This position was consonant with § 90.610(1), Florida Statutes (1977), as it read at that time:
A party may attack the credibility of any witness, including an accused, by evidence that the witness had been convicted of a crime involving dishonesty or false statement, with the following exceptions ...
See Dodson v. State, 356 So.2d 878 (Fla.3d DCA 1978). In discussing this statutory provision, Ehrhardt observed that this intent, as expressed by the Florida Legislature, differed from that expressed by the Conference Committee of the United States Congress when it approved Federal Rule of Evidence 609 and said that it intended the rule to apply only to the commission of crimes which involved some element of deceit, untruthfulness, or falsification. Ehrhardt, Florida Evidence, § 610.1, pp. 185-6 (1977).
In the next session of the Florida Legislature, however, § 90.610(1) was amended to conform identically with Federal Rule of Evidence 609:
A party may attack the credibility of any witness including the accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or false statement regardless of the punishment, with the following exceptions ...
§ 90.610(1), Florida Statutes (1978). Ehrhardt takes note of this change and observes:
This amendment substantially conforms the Code to the provisions of the Federal Rule regarding the type of crimes that can be used to impeach. The drafters propose that only crimes involving dishonesty or false statement be admitted and intended that phrase be broadly interpreted. In substantially conforming the Code to Federal Rule 609 it is probable that the legislature intended to adopt an interpretation of those crimes involving dishonesty or false statement that is similar to the interpretation of the Federal Rule. Thus, the intent of the drafters, which is noted in the main text, to broadly construe those crimes involving dishonesty or false statement was probably negated by the 1978 amendment. (emphasis in original).
Ehrhardt, Florida Evidence (Supp. 1980), § 610.1, at p. 44.
All the federal circuits have consistently construed Federal Rule 609 as requiring the prosecution to demonstrate that the particular conviction was based on an offense involving something more than stealth, i.e., some element of deceitfulness, untruthfulness, or falsification, before the conviction may be submitted for impeachment purposes or deemed relevant to credibility. See, e.g., United States v. Dorsey, 591 F.2d 922 (D.C. Cir.1978); United States v. Langston, supra; Government of Virgin Islands v. Toto, 529 F.2d 278 (3d Cir.1976); United States v. Ortega, 561 F.2d 803 (9th Cir.1977). The basic logic of these rulings is best described in the following:
By the phrase `dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement for false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing upon the accused's propensity to testify truthfully.
*97 Conf.Rep.No. 93-1597 to accompany H.R. 5463, P.L. 93-595, at p. 9, U.S.Code Cong. & Admin.News 1974, pp. 7051, 7103.
When a statute is amended, as was § 90.610(1) in 1978, we may assume in the absence of contrary indication that the legislature intended the amended statute to have a meaning different from that accorded to it before the amendment. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). Further, if a Florida statute is patterned after a federal law on the same subject, it will take the same construction in the Florida courts as its prototype has been given in the federal courts. Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977). In light of these principles of statutory construction and the uniform construction given to Federal Rule of Evidence 609 by the federal courts, we can only conclude that the Florida Legislature intended a like interpretation for § 90.610(1), Florida Statutes (1978). Therefore, we find ourselves compelled to hold that the simple crime of petit larceny may not be used for impeachment purposes unless the prosecution has demonstrated that such crime involves some element of deceit, untruthfulness, or falsification bearing upon the defendant's capacity to testify truthfully.
Finally, we do not think that the trial court's mid-trial ruling can be considered harmless error, because in the absence of knowledge of what the petitioner's testimony would have been this court is unable to apply a test for harmless error. See United States v. Fearwell, 595 F.2d at 779; United States v. Smith, 551 F.2d 348 at 366. See also Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).
Petition for Certiorari GRANTED. This cause is REMANDED to the Duval County Court for further proceedings consistent with this opinion.
SHAW and WENTWORTH, JJ., concur.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I would affirm. I think petit theft is a crime involving dishonesty within the meaning of § 90.610, Fla. Stat., necessarily involving some trick, fraud, or false pretense.
Section 90.610, Florida Statutes, is patterned after Rule 609 of the Federal Rules of Evidence. Accordingly, as noted by the majority, it is appropriate to see how federal courts have construed Rule 609. Although such federal decisions are very persuasive, they are not binding on this Court. The federal construction must be harmonious with the spirit, policy, and intent of the Florida Legislature in order for the federal view to be adopted by a Florida court. See Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977).
Furthermore, ordinary words should be given their plain and ordinary meaning when construing a statute. State, Department of HRS v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980). Theft is the act of stealing. The common and ordinary meaning of stealing is to take dishonestly or wrongfully and secretly property belonging to another. Accordingly, I think petit theft is a crime involving dishonesty within the meaning of § 90.610, Fla. Stat. and I would AFFIRM.