413 So.2d 482 (1982)
Anthony BARBER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1215.
District Court of Appeal of Florida, Second District.
May 7, 1982.
Jerry Hill, Public Defender, Bartow, and Eula Tuttle Mason, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
In this case we must decide whether a jury verdict of guilty without an adjudication of guilt constitutes a conviction for purposes of impeachment.
During his trial for second degree robbery, appellant, under advice of counsel, testified on direct examination that he had no prior convictions. However, one week earlier another jury had returned a guilty verdict against him in a felony case although the court had not yet adjudicated him guilty. Knowing this, the state attorney informed the court that he intended to use the jury verdict for impeachment purposes. Appellant's counsel objected, arguing that a jury verdict, absent adjudication by the court, could not be so used, but the lower court allowed the inquiry. Appellant then admitted the prior conviction. He was subsequently convicted as charged.
It has long been the rule in Florida that a witness may be impeached by evidence of his prior convictions. E.g., Roberson v. State, 40 Fla. 509, 24 So. 474 (1899); § 90.08, Fla. Stat. (1977), repealed by Ch. *483 76-237, § 2, Laws of Fla. This has been codified in the Florida Evidence Code as section 90.610, Florida Statutes (1981), which reads:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
Florida courts have dealt with the meaning of conviction in a variety of contexts,[1] but only one case even tangentially deals with the precise question posed by this appeal. In Smith v. State, 75 Fla. 468, 78 So. 530 (1918), the state had charged the defendant under a statute precluding the sale of intoxicating liquor in a dry county by a person "having been before convicted of the same offense." The court construed the word "convicted" to be equivalent to "adjudicated" and reversed the judgment of guilt because the information had only alleged that the defendant had previously pled guilty to a like offense. In support of its decision, the court quoted from 2 Words and Phrases, Convictions, which stated that a conviction as used to effect the credibility of a witness meant the judgment of a court. 75 Fla. at 474, 78 So. at 532.
Courts in other state jurisdictions have also interpreted the word conviction, with differing results.[2] However, certain decisions of the federal courts are more significant because they deal directly with what constitutes a prior conviction for purposes of impeachment.
In United States v. Klein, 560 F.2d 1236 (5th Cir.1977), cert. denied, 434 U.S. 1073, 98 S.Ct. 1259, 55 L.Ed.2d 777 (1978), the court considered whether it was proper to impeach the defendant with evidence of a jury verdict of guilt which had been returned against him in another case earlier on the same day though no adjudication had yet taken place. The court observed that until the adoption of the Federal Rules of Evidence, the federal circuits were split on the issue with respect to the propriety of using prior convictions which were on appeal for purposes of impeachment. The court noted, however, that Federal Rule of Evidence 609 now specifically provided that the pendency of an appeal would not render evidence of a conviction inadmissible for impeachment, though evidence of the pendency of the appeal would also be admissible. The court then said:
It follows that if a jury can comprehend that a prior conviction on appeal may be reversed, it can also comprehend that a jury verdict of guilty may be set *484 aside upon a motion for judgment of acquittal, pursuant to Fed.R.Crim.P. 29(c), a motion for a new trial, pursuant to Fed. R.Crim.P. 33, or a motion in arrest of judgment, pursuant to Fed.R.Crim.P. 34. Thus, we can perceive no logical distinction, for purposes of impeachment, between a conviction on appeal and a jury verdict of guilty where judgment and sentence have not yet been entered, so long as the defendant has the opportunity to explain to the jury the legal status of the "conviction."
We hold only that a verdict of guilty where judgment and sentence have not been entered is admissible for impeachment purposes where it otherwise meets the requirements of Fed.R.Evid. 609. In so holding, we do not suggest that a guilty verdict is for all purposes the equivalent of a conviction or that a mere plea of guilty may in all cases be used for impeachment purposes.[3]
560 F.2d at 1240.
Other federal circuits have followed this interpretation of rule 609. United States v. Smith, 623 F.2d 627 (9th Cir.1980); United States v. Vanderbosch, 610 F.2d 95 (2d Cir.1979); United States v. Duncan, 598 F.2d 839 (4th Cir.), cert. denied, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979); United States v. Rose, 526 F.2d 745 (8th Cir.1975), cert. denied, 425 U.S. 905, 96 S.Ct. 1497, 47 L.Ed.2d 755 (1976). While section 90.610 of the Florida Evidence Code is not the same as rule 609 in all particulars, that portion of the section now under consideration is identical with its federal counterpart. Because the federal interpretation is founded in logic, we choose to follow it. We believe that for purposes of impeachment, there is no significant difference in probative value between a jury's finding of guilt and the entry of a judgment thereon.
One may reasonably suggest that an anomaly will occur if the court ultimately chooses to withhold adjudication and place appellant on probation for the crime of which the jury had previously found him guilty. Should this happen, appellant cannot thereafter be impeached by evidence concerning that crime. United States v. Georgalis, 631 F.2d 1199 (5th Cir.1980). However, the result under those circumstances would be no different than if a witness's judgment of guilt was ultimately reversed on appeal. Until such time as the reversal occurs, evidence of his judgment of guilt may be admitted for impeachment, and the fact that an appeal is pending may also be shown. Likewise, if a witness has been impeached by evidence that he has previously suffered an adverse verdict of guilt, evidence will also be admissible to show that no adjudication has yet been made. See United States v. Smith.
The court did not err in permitting appellant to be impeached by his prior guilty verdict despite the absence of adjudication. Appellant's other point has no merit.
AFFIRMED.
RYDER and SCHOONOVER, JJ., concur.
NOTES
[1] State v. Gazda, 257 So.2d 242 (Fla. 1971) (conviction does not require adjudication by the court in context of a statute relating to limitation on withheld sentences); Delta Truck Brokers v. King, 142 So.2d 273 (Fla. 1962) (conviction in the context of a statute preventing one from engaging in a brokerage business without a license means determination of guilt and judgment of court); Weathers v. State, 56 So.2d 536 (Fla. 1952) (conviction of a principal means adjudication of guilty); Ellis v. State, 100 Fla. 27, 129 So. 106 (1930) (judgment of conviction in a misdemeanor case must contain an adjudication of guilty by the court); Timmons v. State, 97 Fla. 23, 119 So. 393 (1929) (when alleging prior convictions in an indictment, conviction must include adjudication by the court); State ex rel. Owens v. Barnes, 24 Fla. 153, 4 So. 560 (1888) (conviction may on occasion have different meanings depending upon the context in which it is used); Accredited Sur. & Cas. Co. v. State, 318 So.2d 554 (Fla. 1st DCA 1975) (conviction for purposes of the bail bond statute means adjudication of guilt and not a guilty plea).
[2] State v. Superior Court, 51 Del. 178, 141 A.2d 468 (1958) (conviction construed in its technical legal sense); State v. Ege, 274 N.W.2d 350 (Iowa 1979) (conviction for purposes of impeachment does not include a deferred sentence and a successfully completed period of probation); Forcier v. Hopkins, 329 Mass. 668, 110 N.E.2d 126 (1953) (conviction means judgment that conclusively establishes guilt after a finding, verdict, or plea, but a suspended sentence does not affect the finality of the judgment); Bubar v. Dizdar, 240 Minn. 26, 60 N.W.2d 77 (1953) (conviction means either ascertainment of guilt prior to judgment and sentence or in its technical legal sense, judgment or sentence rendered pursuant to a verdict, confession or plea); Jones v. Kelly, 9 A.D.2d 395, 194 N.Y.S.2d 585 (1959) (no fixed significance attached to conviction; therefore courts may look for legislative intent).
[3] The court noted in a footnote by way of contrast that often, as in Smith v. State, where a prior conviction is an essential element of the offense, there must be proof of a judgment and sentence in order to demonstrate a conviction.