509 So.2d 1281 (1987)
The STATE of Florida, Appellant,
v.
Ivory WILSON, Appellee.
Ivory WILSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 86-7, 86-116.
District Court of Appeal of Florida, Third District.
July 14, 1987.
Rehearing Denied August 31, 1987.
Robert A. Butterworth, Atty. Gen., and Debora J. Turner and Richard L. Polin, Asst. Attys. Gen., and Mark S. Sussman, Certified Legal Intern, for appellant/appellee The State of Florida.
Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellee/appellant Ivory Wilson.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Two issues are presented by the defendant in these appeals from a conviction, on a jury verdict, for second-degree murder: (1) whether the constitutional right to a fair trial was denied by a refusal of a request to use hypothetical questions in inquiring of prospective jurors their willingness to accept a defense of self-defense, (2) whether a fair trial right was denied by the court's ruling in limine that the state would be permitted to impeach, with evidence of a specific act of violence, defense character witnesses who attested to the defendant's reputation for peacefulness. By cross-appeal the State challenges the court's downward departure from the sentencing guidelines.
We affirm the first point in the main appeal on the authority of Pope v. State, 84 Fla. 428, 94 So. 865 (1922), and Dicks v. State, 83 Fla. 717, 93 So. 137 (1922), and affirm the cross-appeal on the authority of State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985). Point two of the main appeal merits discussion.
Wilson was tried and convicted by a jury for the fatal stabbing of his brother-in-law. He testified that he acted in self-defense after an argument between the two intoxicated men escalated into physical violence. Included on the list of defense witnesses were several persons who were to testify about the defendant's general reputation in the community. A motion in limine was heard regarding the permissible scope of the State's impeachment of defense character witnesses. Appellant asked for a ruling whether the State could cross-examine the character witnesses by asking whether they had heard that the defendant stabbed his wife to death twenty-five years before this trial. The trial court ruled that if the character witnesses testified concerning appellant's reputation for peacefulness the State, in accordance with section 90.405(2), Florida Statutes (1985), could cross-examine *1282 them about specific instances of appellant's prior violent conduct. On that ruling a decision was made by the defendant not to present character evidence.
Appellant contends that the cross-examination of character witnesses is limited to questions regarding the reputation of the defendant. The State responds that the ruling was correct and that even if the trial judge's ruling was incorrect the appellant cannot complain because, having made a tactical election not to present character witnesses, he has waived the right to complain.
On a similar question the United States Supreme Court ruled that "[a]ny possible harm flowing from a ... court's in limine ruling permitting impeachment by a prior conviction is wholly speculative" where the witness does not testify. Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460, 463, 83 L.Ed.2d 443 (1984). A reviewing court cannot assume that the defense attorney's decision not to present character witnesses was motivated by the court's ruling. Furthermore, if the defense attorney decides not to present character witnesses the reviewing court has no way of knowing whether the State would have elected to impeach or if it had elected to impeach whether the scope of the impeachment would have been proper or significant. A unanimous court in Luce held that a ruling on such an in limine motion is reviewable only where the character witnesses testify. Luce, 469 U.S. at 43, 105 S.Ct. at 464. Otherwise almost any error in an in limine ruling which permits inquiry as to a prior conviction for purposes of impeachment would result in a windfall of automatic reversal without regard for factual developments at trial. The reviewing court would thus be handicapped in making the required harmless-error examination.
We, accordingly, need not reach the merits of the point. As presented by the record the in limine ruling is unreviewable.
AFFIRMED.