563 So.2d 1130 (1990)
Merle E. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1550.
District Court of Appeal of Florida, Fifth District.
July 12, 1990.
*1131 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The principal issue raised by the defendant on this appeal is whether the state can utilize a jury verdict of guilt in a prior trial without court adjudication thereof for purposes of impeachment in the instant trial.[1] The state, on the other hand, contends that this issue was not preserved for appeal because the defendant did not take the stand, and further contends the weight of authority supports the ruling by the trial court.
The appellant Parker was convicted of the instant offense of sending a letter containing "written threats to kill or do bodily injury" in violation of section 836.10, Florida Statutes (1987). At trial the question arose as to whether, if Parker chose to testify, he could be impeached based upon a jury verdict of guilt in a felony trial a few months earlier. The trial court in the earlier case had deferred both adjudication and sentencing until after the trial of the instant offense.
The trial court accepted the state's argument and ruled that impeachment based upon the prior jury verdict was proper. Later, defense counsel announced that Parker would not testify, primarily "due to the fact of the Court's ruling that he would be impeachable by the prior conviction in the other case."
On appeal, Parker argues that the definition of the word "conviction" includes adjudication by the trial court. He points to the impeachment rule in the Florida Evidence Code, codified as section 90.610, Florida Statutes (1987), which reads:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment, ... (Emphasis added).
Parker concedes that the state's position is supported by cases from two other appellate courts: Johnson v. State, 449 So.2d 921 (Fla. 1st DCA) review denied, 458 So.2d 274 (Fla. 1984), and Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982). He relies, however, on language in a concurring opinion by Judge Anstead in Roberts v. State, 450 So.2d 1126 (Fla. 4th DCA), review denied, 461 So.2d 116 (Fla. 1984), which noted conflict with Barber and stated:
I presume the legislature was aware, when it enacted section 90.610(1) that the Florida Supreme Court had already announced:
This court has so often expressed the opinion that the word "conviction" includes the judgment of the court, as well as a plea or verdict of guilty that such definition of the word as used in the statute or plea invoked to describe the effect of a former conviction in a subsequent cause may be said to be firmly established.

Smith v. State, 75 Fla. 468, 78 So. 530, 532 (1918). Since the Florida Supreme Court had already taken a clear-cut view of the meaning of "conviction," I believe we are bound to construe section 90.610(1) as intending to incorporate that definition when this provision was passed. In addition, since the evidence code was also adopted by the Florida Supreme Court as a rule of court, it is safe to assume that the court itself was aware of its prior definition.
Roberts v. State, 450 So.2d at 1127.
While we agree with Judge Anstead and reject the reasoning as set forth in Johnson and Barber, we find that the impeachment *1132 issue has not been preserved for appellate review. Parker's counsel gave only the primary reason for his client's decision not to testify. It is clear that a defendant's decision whether to testify "seldom turns on the resolution of one factor." Luce v. United States, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). There is no presumption, and this court cannot assume, that the adverse ruling was the "sole" reason for Parker's decision not to testify. In addition, the possible harm which results from a trial court's adverse ruling on the impeachment issue is speculative, in the limited context presented by this appeal; a reviewing court should be able to determine the impact of any erroneous impeachment in the light of a complete and concrete factual context. See New Jersey v. Portash, 440 U.S. 450, 462, 99 S.Ct. 1292, 1298-99, 59 L.Ed.2d 501 (1979). Any error regarding in limine rulings would result in automatic reversal thus emasculating the doctrine of harmless error. Luce; State v. Wilson, 509 So.2d 1281, 1282 (Fla. 3d DCA 1987); but see Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA), review denied, 419 So.2d 1200 (Fla. 1982).[2]
Accordingly, we affirm the conviction below and acknowledge conflict with Hall.
AFFIRMED.
W. SHARP, J., concurs.
GOSHORN, J., concurs in result only.
NOTES
[1] The appellant's other issue  whether the ten day notice provision of section 90.404(2)(a), Florida Statutes (1987) applies to facts leading up to, and inseparable from the charged offense  is devoid of merit. See Platt v. State, 551 So.2d 1277 (Fla. 4th DCA 1989).
[2] State v. Page, 449 So.2d 813 (Fla. 1984) disapproved Hall on other grounds.