FERGUSON, Judge.
Brundige appeals his convictions and sentences for armed robbery, possession of a firearm during the commission of a robbery, and possession of a firearm by a convicted felon. The convictions for armed robbery and possession of a firearm by a convicted felon are affirmed; the conviction for possession of a firearm during the commission of a robbery is reversed.
The central issue at trial focused upon the identification of Brundige as one of the perpetrators. One of the victims testified that he heard Brundige speak during the commission of the offense, and that there was nothing distinctive or unusual about his voice. After the State rested defense counsel requested permission, outside the presence of the jury, for Brundige to speak in front of the jury without becoming a witness so the jurors could hear the “unique” quality of his voice. The trial court denied the request, ruling that the *277 voice display would be testimonial in nature and would subject Brundige to cross-examination by the State.[1] Brundige did not display his voice before the jury, and was ultimately adjudicated guilty on all three counts.
Brundige contends that, where the defense was misidentification, he should have been allowed to display his voice before the jury without subjecting himself to cross-examination. We need not reach the merits of this point.
Brundige’s decision not to display his voice before the jury rendered the court’s ruling unreviewable. To find error would require us to assume, without a factual basis, that the defendant’s decision to forego the voice display was based solely on the trial court’s ruling, or that the State would have attempted to cross-examine the defendant if he had displayed his voice. As a reviewing court, we cannot undertake the required harmless error analysis, section 924.33, Florida Statutes (1991), because a conclusion that any harm followed and was caused by the trial court’s ruling would be speculative. See Parker v. State, 563 So.2d 1130 (Fla. 5th DCA) (where defendant was informed by the trial court that if he testified he would be subject to impeachment based upon a prior jury verdict of guilt, and defendant decided not to testify, the issue was not preserved for appellate review), cause dismissed, 569 So.2d 1280 (Fla.1990); State v. Wilson, 509 So.2d 1281 (Fla. 3d DCA 1987) (where trial court ruled that if the defendant’s character witness were to testify about the defendant’s reputation for peacefulness the witness could be cross-examined concerning specific instances of the defendant’s violent conduct, defendant’s election to not present the witness prevented the appellate court from making the required harmless error analysis).
Brundige’s conviction for possession of a firearm during the commission of a felony is reversed based on the State’s concession that Cleveland v. State, 587 So.2d 1145 (Fla.1991) and Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991), prohibit separate convictions, arising out of the same act, for robbery with a firearm and possession of a firearm during the commission of a robbery.
Affirmed in part, reversed in part, and remanded.

. The ruling was incorrect. See Lusk v. State, 367 So.2d 1088, 1089 (Fla. 3d DCA 1979). (‘‘[T]he furnishing of physical, non-testimonial evidence such as the revelation of the sound of one’s voice” does not implicate the Fifth Amendment.)