696 So.2d 1225 (1997)
Bryan Joseph RAYDO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-370.
District Court of Appeal of Florida, First District.
June 2, 1997.
Nancy A. Daniels, Public Defender; Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Joseph Raydo was charged with and, after a jury trial, convicted of robbery in Escambia County, Florida. At sentencing adjudication was withheld, and Raydo was placed on a period of community control to be followed by a probationary term. He also received a six-month county jail sentence as a special condition of community control.
Appellant raises three issues on appeal, one of which we find to be meritorious and to require reversal and remand for a new trial.
During appellant's trial, after the State presented its case, Raydo's counsel advised the court that Raydo would be the first defense witness called. At that time, the State sought a ruling from the trial court on whether Raydo could be impeached with evidence that he had entered nolo contendere pleas to a felony and a misdemeanor in an unrelated case even though he had not yet been sentenced in that case. Over defense objection, the trial court ruled that
[t]he State can inquire, but the form of the question isn't it [sic] or haven't you entered a plea and are you awaiting sentencing on a felony, and if so, how many? And two. And that will be the way that it will be asked, as opposed to being convicted. I think that's the appropriate way to ask the question. Mr. Ellis [defense counsel], you will be allowed to inquire and to ask and establish that he has not been convicted of a crime and there is a possibility that the court can withhold adjudication. Nonetheless, until [sic] the authority of Barber vs. State which was approved by Johnson vs. *1226 State, I am going to allow the State to do that.
With that ruling, Raydo's counsel announced the defense would present no witnesses. The appellant was subsequently sentenced as noted above, and this appeal ensued.
Before addressing the merits of appellant's impeachment argument, we must first deal with whether this issue was preserved for appellate review. While conceding that under the law as it obtains in this District,[1] an accused is not required to testify in order to challenge a ruling on the admissibility of impeachment evidence, the State nonetheless argues that the federal cases upon which Hall relied have been overruled by Luce v. United States, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), which case held to the contrary. We do not find Luce to be persuasive authority for such proposition because we read Hall as being premised primarily on State constitutional grounds.[2] Consequently, we can see no compelling reason to reconsider our holding in Hall, and we decline the State's invitation to do so.
Within the context of the undisputed facts in the case at bar, the first question presented is what constitutes a "conviction" for purposes of impeachment under section 90.610(1), Florida Statutes? The trial court based its impeachment ruling on Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982), and Johnson v. State, 449 So.2d 921 (Fla. 1st DCA), review denied 458 So.2d 274 (Fla.1984).
In Barber, the State was allowed, over objection, to elicit from the testifying defendant that, a week earlier, a jury had found him guilty of a felony although he had not yet been adjudicated and sentenced. The Second District found "no significant difference in probative value between the jury's finding of guilt and the entry of a judgment thereon" and held that the jury's guilty verdict constituted a prior conviction for purposes of impeachment. 413 So.2d at 484.
In Johnson, this court could perceive "no logical reason why a different result [permitting a testifying defendant to be impeached on the finding of guilt by a jury] should obtain because the defendant pled guilty instead of being found guilty." 449 So.2d at 923.
Thus, under Barber and Johnson, a defendant need not have been adjudicated guilty and sentenced before being impeached.
In the instant case, Raydo had neither pleaded guilty nor been found guilty by a jury of the offenses which formed the basis of the State's proposed impeachment evidence. He had entered pleas of nolo contendere to the offenses charged in the unrelated case and was awaiting disposition on those pleas.
Section 90.410, Florida Statutes, provides in pertinent part that "[e]vidence of a ... plea of nolo contendere ... is inadmissable in any civil or criminal proceeding." The statute further provides that no statement made in connection with any such plea is admissible except when such statements are made in connection with a perjury prosecution.
Testifying defendants or witnesses in criminal cases may only be impeached by convictions, i.e., adjudications of guilt or the functional equivalent of such adjudication, i.e., pleas of guilty or findings of guilt by a jury. Here, the State has not furnished us with any citation to nor are we aware of any authority that would allow impeachment on the basis of a nolo contendere plea that has not yet become a conviction. Because one entering such a plea does not admit guilt, evidence of the plea is irrelevant unless that plea results in a conviction, i.e., an adjudication of guilt. See Charles W. Ehrhardt, Florida Evidence § 410.1, at p. 234 (1997). Accordingly, the form of question the trial *1227 court below indicated it would permit is clearly erroneous, and after a careful review of the record on appeal, we are unable to conclude beyond a reasonable doubt that this error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded for new trial.
MINER, ALLEN and MICKLE, JJ., concur.
NOTES
[1] Hall v. Oakley, 409 So.2d 93, 95 (Fla. 1st DCA), review denied 419 So.2d 1200 (Fla.1982) ("Inasmuch as the right to testify on one's behalf is a fundamental right, (see Moore v. State, [276 So.2d 504 (Fla. 4th DCA 1973)]), we conclude against requiring that a defendant must testify in order to preserve his or her argument for appellate review."). disapproved on other grounds, State v. Page 449 So.2d 813 (Fla.1984).
[2] Article 1 section 16 of the Florida Constitution guarantees one accused of a crime the right to be heard in person, by counsel, or both. Hall, 409 So.2d at 95.