713 So.2d 996 (1998)
STATE of Florida, Petitioner,
v.
Bryan Joseph RAYDO, Respondent.
No. 91161.
Supreme Court of Florida.
June 25, 1998.
*997 Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Petitioner.
Nancy A. Daniels, Public Defender and Raymond Dix, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Respondent.
PARIENTE, Justice.
We have for review Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), which expressly and directly conflicts with Parker v. State, 563 So.2d 1130 (Fla. 5th DCA 1990). The conflict issue is whether, when a defendant does not testify, a ruling regarding impeachment of a defendant pursuant to section 90.610(1), Florida Statutes (1995), is preserved for review. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTS
Bryan Joseph Raydo was charged by separate informations with crimes arising from two unrelated criminal episodes occurring within one week: (1) burglary and petit theft; and (2) robbery. Raydo pled nolo contendere to the burglary and petit theft charges, but proceeded to trial on the robbery charge.
After the State presented its case against Raydo, defense counsel indicated that he planned to call Raydo to testify. The prosecutor requested a preliminary ruling from the trial court that, if Raydo testified, he could be impeached with evidence of his nolo contendere plea to the burglary and petit theft charges (even though he had not yet been adjudicated or sentenced on these charges). The State argued that a plea of nolo contendere amounted to a "prior conviction" for impeachment purposes.
Relying on Johnson v. State, 449 So.2d 921 (Fla. 1st DCA 1984), and Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982), the trial court ultimately ruled that the State could impeach Raydo with the nolo contendere plea in the event that he testified. After the adverse ruling, defense counsel announced that he would present no defense witnesses.
The trial court then specifically advised Raydo that he had the right to testify. Raydo acknowledged on the record that he was voluntarily foregoing that right. The trial court also inquired whether anyone had forced or pressured him into not testifying, to which Raydo responded in the negative. Raydo never proffered his proposed defense testimony.[1] The defense rested and the jury thereafter returned a guilty verdict against Raydo on the robbery charge.

PRESERVATION OF CLAIM OF ERROR
On appeal, Raydo argued that the trial court erred in ruling that the State could impeach him with evidence of his nolo contendere plea if he took the stand. The First District determined that the issue had been preserved for review, even though Raydo failed to testify, citing its decision in Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA 1982), disapproved on other grounds, State v. Page, 449 So.2d 813 (Fla.1984). See Raydo, 696 So.2d at 1226. In Hall, the First District concluded: "Inasmuch as the right to testify on one's behalf is a fundamental right, we conclude against requiring that a defendant must testify in order to preserve his or her argument for appellate review." 409 So.2d at 95 (citation omitted).
*998 The State argued that Hall had been overruled by the Supreme Court's decision in Luce v. United States, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In Luce, the Supreme Court held that a defendant must testify in order to preserve for review a claim of improper impeachment with a prior conviction under Federal Rule of Evidence 609(a) (regarding impeachment by prior convictions). The First District determined that Luce was not persuasive authority, reading "Hall as being premised primarily on State constitutional grounds." Raydo, 696 So.2d at 1226.
In contrast, in Parker the Fifth District adopted the reasoning of Luce by holding that, because the defendant did not testify, the impeachment issue had not been preserved for appellate review.[2]See Parker, 563 So.2d at 1131-32. Addressing a similar preservation issue in Jimenez v. State, 480 So.2d 705, 706 (Fla. 3d DCA 1985), the Third District, relying on Luce, also held that "no error was committed in ruling that certain similar crimes evidence could be used to impeach the defendant because the defendant did not elect to testify in this cause and the said impeachment evidence was never introduced below." See also State v. Wilson, 509 So.2d 1281 (Fla. 3d DCA 1987)(adopting Luce in holding that a claim of improper impeachment of character witnesses was not preserved for review where the defendant made a tactical election not to present character witnesses). However, neither the Fifth District in Parker nor the Third District in Jimenez addressed the state constitutional concerns raised in Raydo and Hall.
Because Raydo did not testify, the substance of his testimony is unknown and the impeachment evidence claimed to be impermissible was never introduced into evidence. Under our usual procedures governing appellate review, these circumstances alone would ordinarily preclude our review of a claim of error. See, e.g., Finney v. State, 660 So.2d 674, 684 (Fla.1995)(failure to proffer testimony makes it impossible to determine what effect error had on the result); see also Brundige v. State, 595 So.2d 276, 277 (Fla. 3d DCA 1992)(defendant's decision not to display his voice before the jury rendered the trial court's ruling unreviewable); § 90.104(1)(b), Fla. Stat. (1995).
The threshold question is whether Raydo's constitutional right to testify was violated by the trial court's decision to permit the State to impeach him with a nolo contendere plea. Article I, section 16 of the Florida Constitution provides in pertinent part that in all criminal prosecutions the defendant shall have the right "to be heard in person, by counsel, or both." A defendant's right to testify is a fundamental right under the state and federal constitutions. See Deaton v. Dugger, 635 So.2d 4, 8 (Fla.1993).
It does not necessarily follow, however, that all adverse evidentiary rulings which may influence a defendant's decision whether to testify violate the constitutional right to testify. This Court has recognized that
[p]lacing a defendant on the stand to testify is always a tactical decision because the State can ask the defendant about prior felony convictions. In choosing whether to testify, a defendant must weigh the benefits and detriments of allowing this information to be supplied to the jury.
Pangburn v. State, 661 So.2d 1182, 1190 (Fla. 1995). As the Supreme Court stated in McGautha v. California, 402 U.S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971):
It is not thought overly harsh in such situations to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross-examination.... Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify.
In Johnson v. State, 380 So.2d 1024 (Fla. 1979), this Court rejected a constitutional challenge to the statute that provided for impeachment of the credibility of a witness *999 by prior convictions.[3] This Court held that the procedure for impeachment with a prior conviction "does not place an unreasonable burden on a defendant's right to testify and does not violate a defendant's right to due process of law." Id. at 1026.
Johnson is in accord with the Supreme Court's holding in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions without violation of the Fifth Amendment privilege. See also Ohio Adult Parole Authority v. Woodard, ___ U.S. ___, ___-___, 118 S.Ct. 1244, 1252-53, 140 L.Ed.2d 387 (1998). In addressing a similar issue under both its state constitution and the federal constitution, the Connecticut Supreme Court held:
We recognize that a defendant may be faced with the dilemma of either testifying and facing the possibility of impeachment by prior convictions or not taking the stand and thus not personally being able to present his version of events to the jury. Nevertheless, it has been recognized that the constitutional right to testify does not carry with it a right to prohibit impeachment by prior convictions.
State v. Harrell, 199 Conn. 255, 506 A.2d 1041, 1045 (1986); see also State v. Gentry, 747 P.2d 1032, 1036 (Utah 1987); Morgan v. State, 891 S.W.2d 733, 736 (Tex.Ct.App.1994).
If actual impeachment by a prior conviction does not impermissibly violate an accused's right to testify, it follows that a preliminary ruling concerning the use of a nolo contendere plea for impeachment does not impermissibly violate that right. As observed by the Oregon Supreme Court in a similar context:
The trial court's ruling, that the [prior crime] impeachment evidence was admissible, did not preclude the defendant from testifying.... Defendant's choice, not the trial court's ruling, resulted in the jury's not hearing defendant's testimony.
....
Defendant's decision in this case not to testify, when to do so would entail exposure of his criminal record, was a component of his overall trial strategy.
State v. Busby, 315 Or. 292, 844 P.2d 897, 899 (1993).
The Supreme Court in Luce never directly confronted whether its holding would violate the Fifth Amendment right to testify. It did so indirectly when it distinguished several of its earlier decisions where it had "reviewed Fifth Amendment challenges to state-court rulings that operated to dissuade defendants from testifying," despite the fact that in those cases the defendant had not testified. Luce, 469 U.S. at 42, 105 S.Ct. 460. Specifically, the Supreme Court distinguished New Jersey v. Portash, 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979), in which it held that the prosecutor's attempted use of a defendant's legislatively immunized grand jury testimony violated the constitutional right to testify. The Supreme Court also distinguished Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), in which it held that the state rule requiring that a defendant in a criminal case be the first witness if the defendant took the stand at all impermissibly infringed on the defendant's constitutional right to testify.
In contrast, in Luce the Supreme Court noted that it has never held that "a federal court's preliminary ruling on a question not reaching constitutional dimensionssuch as a decision [regarding impeachment by prior convictions] under Rule 609(a)is reviewable on appeal." Id. at 42-43, 105 S.Ct. 460 (emphasis added). It is thus evident from the opinion in Luce that the Supreme Court perceived no constitutional bar to its ruling under the Fifth or Sixth Amendment[4] to the United States *1000 Constitution. See Galindo v. Ylst, 971 F.2d 1427, 1429 (9th Cir.1992); State v. Brown, 113 Wash.2d 520, 782 P.2d 1013, 1024 (1989).
A trial court's ruling on an impeachment issue, such as the scope of section 90.610(1) impeachment, that might influence a defendant not to testify does not amount to a constitutional violation, unless the subject of the ruling itself has constitutional implications. Because we have not found section 90.610(1) to be an unconstitutional infringement on a defendant's right to testify, see Johnson, a trial court's ruling on a section 90.610(1) issue, even if erroneous, does not rise to an unconstitutional infringement on the right to testify.
The issue before us is in this case is evidentiary whether a nolo contendere plea can be used to impeach a defendant's credibility under section 90.610(1). The trial court's evidentiary ruling may have influenced Raydo's decision not to testify; it may have made his choice more difficult. However, the trial court's preliminary ruling did not impermissibly violate Raydo's right to testify.
The First District Court's rejection of Luce in Raydo based on the state constitutional right to testify does not withstand closer constitutional scrutiny. We therefore quash the First District Court's decision in Raydo in this regard, and necessarily disapprove Hall, upon which Raydo relies.

ADOPTION OF LUCE
Although Luce is based on a federal evidentiary question, the policy reasons regarding preservation of error apply with equal force under our state system of appellate review.[5] At least five such policy reasons exist. See Luce, 105 S.Ct. at 463-64. First, appellate review is hindered unless there is a complete and concrete factual context. Second, any harm to the defendant is speculative. Third, as a corollary to the first two reasons, the reviewing court has no way of knowing whether the state would have, in fact, used the impeachment evidence even if the defendant had testified. Fourth, a reviewing court cannot assume that the adverse ruling was the reason the defendant decided not to testifythe decision to testify seldom turns on one factor. Lastly, any error regarding in limine rulings would result in automatic reversal, thus emasculating the doctrine of harmless error. On one hand the reviewing court would be unable to assess the harm; yet, the reviewing court could not label as harmless an error that presumptively kept the defendant from testifying. See id.; Parker, 563 So.2d at 1132.
Turning to this case, not only did Raydo not testify, but there is no indication in the record as to what his testimony would have been. There is no way to assess whether Raydo's failure to testify was actually harmful to his case. As stated in Parker, "a reviewing court should be able to determine the impact of any erroneous impeachment in the light of a complete and concrete factual context." 563 So.2d at 1132. Also, although defense counsel announced after the adverse ruling that his client would not take the stand, we do not know whether the court's adverse ruling was the sole reason that defendant did not testify.
Finally, although the State had sought a preliminary ruling, the State might not have elected to use an arguably inadmissible nolo contendere plea to impeach Raydo. This is a distinct possibility here because the colloquy between the trial court and the attorneys reveals doubt about the precise form the impeachment question should take.
For all the policy reasons governing principles of appellate review, we adopt the reasoning of Luce. In this case, Raydo failed to preserve his claim of improper impeachment pursuant to section 90.610(1) when he did not testify and when the impeachment evidence was never introduced.

NOLO CONTENDERE PLEA AS PRIOR CONVICTION
In holding that the claim of error was not preserved due to Raydo's failure to testify, *1001 we need not reach the substantive issue of whether a defendant's credibility may be attacked by a nolo contendere plea. However, we do so to clarify the law and provide guidance to trial courts in this area.
In this case, Raydo neither pleaded guilty nor was found guilty by a jury of the offenses that formed the basis of the State's proposed impeachment evidence. He had entered pleas of nolo contendere to those offenses and was awaiting disposition of the charges.
The trial court recognized the inherent problem in impeaching Raydo by asking the standard question"Have you been convicted of a felony?"when no conviction had yet occurred. The trial court determined that the impeachment question would have to be phrased, "Have you entered a plea and are you awaiting sentencing on a felony, and if so, how many?"
The difficulty the trial court faced in phrasing the question highlights the problem with using a nolo contendere plea where there has been no disposition. Generally, the credibility of a testifying defendant or witness may be attacked pursuant to section 90.610(1) only by prior convictions.[6] Section 90.610, Florida Statutes (1995), entitled "Conviction of certain crimes as impeachment," sets forth that:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or false statement regardless of the punishment....
§ 90.610(1)(emphasis added).
To resolve the precise issue in this case, we need not reach a decision as to the scope of the term "conviction" pursuant to section 90.610(1).[7] In this case, we need look no further than the express statutory prohibition of section 90.410, Florida Statutes (1995). This section explicitly precludes evidence of a nolo contendere plea in any criminal proceeding: "Evidence of ... a plea of nolo contendere ... is inadmissible in any civil or criminal proceeding." (Emphasis added). This specific section of the Evidence Code prohibiting nolo contendere pleas from being admitted into evidence takes precedence over the more general impeachment provisions of section 90.610(1). See McKendry v. State, 641 So.2d 45, 46 (Fla.1994)("[A] specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms.").
A defendant entering a plea of nolo contendere does not admit guilt. Further, at sentencing a trial court might decide to withhold adjudication. If adjudication is withheld, there would be no conviction under section 90.610(1). We thus approve this portion of Raydo and hold that a defendant's nolo contendere plea, without a conviction entered on that plea, is not admissible to attack a defendant's credibility pursuant to section 90.610(1).

*1002 CONCLUSION

Accordingly, as to the preservation issue, we adopt the reasoning of Luce and hold that a defendant must testify at trial in order to preserve for appeal a claim of improper impeachment with a prior conviction. In so holding, we quash the First District's contrary holding and ultimate disposition in Raydo. We also disapprove Hall and approve Parker as to the preservation issue.
As to the substantive impeachment issue, we hold that a defendant's credibility may not be impeached by a nolo contendere plea where there has been no conviction entered on that plea. In so holding, we approve Raydo in this limited regard.
It is so ordered.
KOGAN, C.J., and OVERTON, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] At sentencing, Raydo maintained his innocence, stating, "If I had taken the stand at the time, I had something to say about every single thing that went on in the trial and huge disagreements with everything."
[2] In Parker v. State, 563 So.2d 1130 (Fla. 5th DCA 1990), the issue was whether a jury verdict of guilt in a prior trial without court adjudication constitutes a conviction for impeachment purposes pursuant to section 90.610(1). See infra note 7.
[3] Section 90.08, Fla. Stat. (1975), the statute at issue in Johnson v. State, 380 So.2d 1024 (Fla. 1979), is the predecessor to section 90.610, Florida Statutes (1995). "In 1977, the Florida Evidence Code was enacted and section 90.610 replaced that part of section 90.08 relating to evidence of prior convictions." Bobb v. State, 647 So.2d 881, 883 (Fla. 4th DCA 1994).
[4] The right to testify is also grounded in the compulsory process clause of the Sixth Amendment, which grants a defendant the right to call "witnesses in his favor." See Rock v. Arkansas, 483 U.S. 44, 52, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987).
[5] In addition, section 90.610(1) is modeled on and substantially similar to Federal Rule 609(a). See State v. Page, 449 So.2d 813, 815 (Fla.1984); Charles W. Ehrhardt, Florida Evidence, § 610.1, at 439 (1997 ed.).
[6] A witness may be subject to cross-examination concerning whether pending criminal charges influenced a witness's cooperation with the state. See Breedlove v. State, 580 So.2d 605, 607-08 (Fla.1991); Livingston v. State, 678 So.2d 895, 897 (Fla. 4th DCA 1996). In this circumstance, the impeachment would not be pursuant to section 90.610(1), but pursuant to section 90.608(2), Florida Statutes (1995).
[7] We note the disagreement among the districts as to the scope of the term "conviction" for section 90.610(1) impeachment. In Raydo v. State, 696 So.2d 1225, 1226 (Fla. 1st DCA 1997), the First District distinguished cases that interpreted the term "conviction" under section 90.610(1) to include both a jury verdict of guilt and a plea of guilty, even though there had been no adjudication. See Johnson v. State, 449 So.2d 921 (Fla. 1st DCA 1984)(guilty plea); Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982)(jury verdict of guilt). To the contrary, in Parker, 563 So.2d at 1130, the Fifth District rejected the reasoning of Johnson and Barber. It agreed with the reasoning of Justice Anstead (then Judge Anstead) in his concurring opinion in Roberts v. State, 450 So.2d 1126, 1127 (Fla. 4th DCA 1984), that "conviction" should be narrowly construed, but then found that the issue had not been preserved because the defendant did not testify. See Parker, 563 So.2d at 1131-32. Although the First District in Raydo indicated its approval of Johnson and Barber, the correctness of those cases in broadly interpreting the term "conviction" is not before us in this case.