W. SHARP, Judge.
Dopson’s primary argument on appeal is that he was improperly impeached at trial because, after objecting and receiving an adverse ruling by the trial judge, he was required to admit he had been convicted of a felony for which adjudication had been withheld. Under the circumstances, we affirm.
Dopson was convicted of one count of trespass to a structure,[1] and six counts of contributing to the delinquency of a minor.[2] The evidence against him was substantial. At trial, he admitted he had been convicted of four prior felonies. This was improper because in one of the cases he had pled nolo contendere and the court had withheld adjudication.
Dopson argues that a plea of nolo contendere is not admissible in any civil or criminal proceeding.[3] When a defendant pleads nolo contendere and there is no adjudication of guilt, evidence of the offense cannot be used to impeach the defendant pursuant to section 90.610. Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), approved in part, quashed in part, 713 So.2d 996, 23 Fla. L. Weekly S361 (Fla.1998). See also Parker v. State, 563 So.2d 1130 (Fla. 5th DCA 1990).
However, we do not need to reach the merits of this issue because we think under the circumstances, Dopson failed to demonstrate harmful error.[4] The purpose of impeachment by prior conviction is to attack the credibility or believability of a witness. Bobb v. State, 647 So.2d 881 (Fla. 4th DCA 1994). In this case there were three other felony convictions with which Dopson was properly impeached. The fourth, even if erroneously so employed, did not create a reasonable possibility its use for impeachment purposes contributed to his convictions in this case. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.

. § 810.08, Fla. Slat. (1995)

. § 827.04(3), Fla. Slat. (1995).

. § 90.410, Fla. Slat.

. § 924.051(7), Fla. Slat.